

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 20, 2018

**By ECF**
The Honorable Lorna G. Schofield
United States District Judge
40 Foley Square
New York, NY 10007

      Re:    *PEN American v. Trump*, 18 Civ. 9433 (LGS)

Dear Judge Schofield:

      This Office represents defendant President Donald J. Trump in this First Amendment action brought by plaintiff PEN American Center, Inc. ("PEN American"). I write respectfully pursuant to Rules III.A.1 and III.C.2 of the Court's Individual Rules and Procedures for Civil Cases to lay out the bases of defendant's anticipated motion to dismiss plaintiff's complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and to propose on consent a schedule for plaintiff to amend its complaint and for the parties to brief defendant's anticipated motion to dismiss.

      **I.**    **Plaintiff's Complaint**

      Plaintiff PEN American, Inc., an association advocating on behalf of writers, alleges that defendant has taken or encouraged actions intended to chill speech critical of himself or his administration. Plaintiff alleges three retaliatory actions taken or encouraged by defendant. First, plaintiff alleges that, on October 11, 2018, the United States Postal Service ("USPS") proposed increases in shipping rates, because defendant expressed a desire to punish online retailer Amazon.com, Inc. ("Amazon") for the speech of the Washington Post, a newspaper owned by Amazon's Chief Executive Officer and principal shareholder, Jeff Bezos. Complaint ("Compl."), Dkt. No. 1, ¶¶ 6, 43. Second, plaintiff alleges that defendant and his associates made statements critical of the Cable News Network ("CNN") and the proposed merger of CNN's parent company and AT&T, Inc., before the Department of Justice ("DOJ") filed a lawsuit to block the merger. *See id.* ¶¶ 45–50. Third, plaintiff alleges that the defendant's subordinates removed a CNN reporter from a press conference because of her questioning of defendant. *Id.* ¶ 74. Other than these three actions, Plaintiff alleges in broad terms that defendant has criticized the press and has threatened—although not followed through on—possibly retaliatory actions, including regulation of technology companies, Compl. ¶¶ 55–58, revocation of broadcast licenses of companies that do not, in actuality, hold broadcast licenses, *id.* ¶¶ 64–65, and denial of access to White House news events, *id.* ¶¶ 66–73.

      On October 16, 2018, plaintiff filed its complaint initiating the present action, raising two claims under the First Amendment—first, for alleged violations of freedom of speech and the press and, second for an alleged violation of the right to receive information. *See id.* ¶¶ 94–95, 101. Plaintiff seeks declaratory and injunctive relief, namely a declaration that defendant's

allegedly retaliatory actions violated the First Amendment and an injunction forbidding defendant from directing any subordinate to take any action in retaliation for speech critical of defendant's administration.  *See id.* Prayer for Relief.

## II.     Plaintiff lacks Article III standing.

### A.  Plaintiff lacks organizational standing

Plaintiff lacks standing to bring any claims on its own behalf.  To bring claims on its own behalf, plaintiff must establish organizational standing by showing "(i) an imminent injury in fact to itself as an organization (rather than to its members) that is distinct and palpable; (ii) that its injury is fairly traceable to [allegedly retaliatory actions]; and (iii) that a favorable decision would redress its injuries."  *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017) (internal quotation marks omitted).

Plaintiff has alleged only two injuries, neither of which is sufficient to support Article III standing.  First, plaintiff alleges in vague terms that it and its members' receipt of information has been impaired.  *See* Compl. ¶ 101.  However, plaintiff has failed to identify any information or ideas withheld from it or its members, or that any speaker transmitting information to plaintiff or its members has actually been chilled.  The only other injury plaintiff has identified is the effort its members have expended to successfully overcome an alleged subjective chilling effect created by defendant's actions.  *See* Compl. ¶¶ 76–85.  Under *Laird v. Tatum*, 408 U.S. 1 (1972) and its progeny, such allegations of a subjective chill—and particularly a subjective chill that has been overcome—are insufficient to support Article III standing.  In addition, plaintiff's alleged injuries are insufficiently imminent to support standing to seek injunctive relief.  *See Los Angeles v. Lyons*, 461 U.S. 95, 105–07 (1983).

Plaintiff's complaint also fails to establish the latter two elements of standing.  Plaintiff's alleged injuries are not fairly traceable to defendant's alleged actions, which primarily consist of public statements directed at third parties.  A favorable decision would not redress plaintiff's injuries because, as discussed below, the Court lacks jurisdiction to enter injunctive and declaratory relief against the President in this context.  Moreover, the requirements of Federal Rule of Civil Procedure 65(d)(1)(B)-(C) prevent the Court from entering the open-ended injunctive relief sought by plaintiff.  *See* Compl. ¶ 3, Prayer for Relief.

### B.  Plaintiff lacks associational standing.

Plaintiff lacks associational standing to bring claims on behalf of any its members.  An association attempting to sue on behalf of its members must show that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977).  Plaintiff has not identified any member who has suffered an injury sufficient to support standing in his or her own right or, indeed, any member at all.  To the extent plaintiff has alleged its members could bring claims on their own behalf, plaintiff's claims of chilling and its requested relief require its members' individual participation

in the present suit.

### III. This Court lacks jurisdiction to grant declaratory or injunctive relief against the President in this context.

This Court lacks jurisdiction to enter the relief sought by plaintiff against the President. The Supreme Court has repeatedly held that, in general, the federal courts may not enter injunctive relief against the President in the context of his official duties. *See Franklin v. Massachusetts*, 505 U.S. 788, 802–03 (1992). The separation of powers principles that prevent the federal courts from enjoining the President's official acts also prevent them from entering declaratory relief against the President. *See id.* at 827 –28 (Scalia, J., concurring).

### IV. Plaintiff has failed to plausibly state a claim upon which relief can be granted.

Plaintiff's complaint should be dismissed even if plaintiff could overcome jurisdictional impediments. Plaintiff has not alleged that any action taken or threatened by defendant is unlawful, apart from alleged retaliatory taint. Plaintiff's claims are thus properly understood as First Amendment retaliation claims.

Plaintiff has failed to plausibly allege the elements of a First Amendment retaliation claim. "To plead a First Amendment retaliation claim a plaintiff must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by plaintiff's exercise of that right; and (3) the defendant's actions caused him some injury." *Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015) (brackets omitted). With respect to the second element of a First Amendment retaliation claim, plaintiff has failed to allege that its speech or the speech of any of its members motivated defendant to take any action.

With respect to the third element of a First Amendment retaliation claim, the Second Circuit has explained that a plaintiff has adequately alleged injury for purposes of a First Amendment retaliation claim "if he can show *either* that his speech has been adversely affected by the government retaliation or that he has suffered some other concrete harm." *Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013). Plaintiff has failed to allege that it or its members' speech has been adversely affected by defendant's actions. On the contrary, it alleges that journalists, including its members, remain committed to reporting on defendant's administration. *See, e.g.*, Compl. ¶¶ 10, 20. Plaintiff's complaint also does not contain any plausible allegations of other concrete harms suffered by plaintiff or its members.

### V. The parties have agreed upon a proposed amendment and briefing schedule.

The parties have conferred on defendant's proposed motion to dismiss, and plaintiff has indicated that it intends to amend its complaint. The parties have agreed upon the following schedule for plaintiff's amendment and defendant's anticipated motion to dismiss: Plaintiff will file an Amended Complaint by January 18, 2019; defendant will move to dismiss the Amended Complaint by February 15, 2019; plaintiff will file opposition papers to defendant's motion to dismiss by March 15, 2019; and defendant will file reply papers by March 29, 2019.

Thank you for your consideration.

                                        Respectfully submitted,
                                        GEOFFREY S. BERMAN
                                        United States Attorney

By:     <u>/s/ Steven J. Kochevar</u>
                                        Steven J. Kochevar
                                        Assistant United States Attorney
                                        86 Chambers Street, Third Floor
                                        New York, NY 10007
                                        Telephone: (212) 637-2715
                                        Fax: (212) 637-2717
                                        Email: steven.kochevar@usdoj.gov