

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

December 20, 2018

**By ECF**
The Honorable Lorna G. Schofield
United States District Judge
40 Foley Square
New York, NY 10007

      Re:    *PEN American v. Trump*, 18 Civ. 9433 (LGS)

Dear Judge Schofield:

    This Office represents defendant President Donald J. Trump in this First Amendment action brought by plaintiff PEN American Center, Inc. ("PEN American").  I write respectfully pursuant to Rule III.A.1 of the Court's Individual Rules and Procedures for Civil Cases to request a pre-motion conference on defendant's unopposed motion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c) pending the outcome of defendant's anticipated motion to dismiss plaintiff's amended complaint.  Defendant proposes that the initial pretrial conference currently scheduled for January 8, 2019, also serve as the pre-motion conference on defendant's motion to stay discovery.

    **I.**    **Background**

    On October 16, 2018, plaintiff filed its complaint initiating the present action, alleging that defendant has taken or encouraged actions intended to chill speech critical of himself or his administration.  *See* Complaint ("Compl."), Dkt. No. 1.  Plaintiff seeks declaratory and injunctive relief, namely a declaration that defendant's allegedly retaliatory actions violated the First Amendment and an injunction forbidding defendant from directing any subordinate to take any action in retaliation for speech critical of defendant's administration.  *See id.* Prayer for Relief.

    On November 27, 2018, the Court granted plaintiff's motion on consent to adjourn the initial pretrial conference in this action to January 8, 2019.  *See* Dkt. No. 21.

    Today, on December 20, 2018, defendant filed a pre-motion letter with this Court laying out the bases of defendant's anticipated motion to dismiss plaintiff's complaint and proposing a schedule for plaintiff to amend its complaint and for the parties to brief defendant's anticipated motion to dismiss.  *See* Dkt. No. 24.  As explained in greater detail in defendant's pre-motion-to-dismiss letter, plaintiff's complaint should be dismissed on jurisdictional grounds under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *See id.*

## II. Legal Standards for a Motion to Stay Discovery

"Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery 'for good cause shown.'" *Spencer Trask Software and Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quoting Fed. R. Civ. P. 26(c)). "[G]ood cause may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss. This is especially so where the stay is for a 'short' period of time and the opposing party . . . will not be prejudiced by the stay." *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120 (LMM) (AJP), 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996) (Peck, M.J.) (collecting cases).

When considering a motion to stay discovery, courts generally "may consider . . . the breadth of discovery sought and the burden of responding to it" and "should also consider the strength of the dispositive motion that is the basis of the discovery stay application." *Spencer Trask*, 206 F.R.D. at 368. "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Chesney v. Valley Stream Union Free School Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (Boyle, M.J.).

Pursuant to Rule III.C.2 of the Court's Individual Rules and Procedures for Civil Cases, "[a]bsent extraordinary circumstances, the Court does not stay discovery . . . during the pendency of a motion to dismiss."

## III. Traditional factors weigh in favor of a stay of discovery.

The factors generally considered by courts in this Circuit when considering a stay of discovery pending a motion to dismiss weigh in favor of a stay here. Specifically, plaintiff does not oppose the present motion and will not be prejudiced by a stay. In addition, the stay sought by defendant is not unduly long: the parties have agreed upon and presented a briefing schedule to the Court on defendant's anticipated motion to dismiss. Although courts generally also consider the breadth of discovery sought and the burden of responding to it, these factors are not present here because plaintiff has consented to a stay of discovery and has not yet sought any discovery.

The strength of defendant's dispositive motion weighs in favor of a stay. Generally, courts "have required a motion for a stay be supported by substantial arguments for dismissal." *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72–73 (S.D.N.Y. 2013) (Gorenstein, M.J.) (quotation marks omitted) (collecting cases).[1] Defendant's pre-motion-to-dismiss letter lays out substantial arguments for dismissal of plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) and (b)(6). *See* Dkt. No. 24. Specifically, with respect to jurisdiction, plaintiff has failed to adequately allege organizational or associational standing. *See id.* at 2. In addition, this Court lacks jurisdiction to enter plaintiff's requested relief against the President. *See id.* at 3. With respect to Fed. R. Civ. P. 12(b)(6), plaintiff has failed to allege that its speech

---

[1] Alternatively, as discussed in *Hong Leong*, "district courts in this Circuit have often stated that a stay of discovery is appropriate where a motion does not appear to be without foundation in law." *Hong Leong*, 297 F.R.D. at 72. However, *Hong Leong* rejected this standard as too lenient. *See id.* For the same reasons defendant's motion to dismiss is supported by substantial arguments, it is "not . . . without foundation in law." *Id.*

or its members' speech motivated defendant to take any action and has failed to adequately allege injury for a First Amendment claim in this context. *See id.* In light of these substantial arguments for dismissal of plaintiff's complaint, a stay of discovery is warranted.

The nature, complexity, and posture of the present action also weigh in favor of a stay of discovery. At this time, the arguments defendant intends to present in his motion to dismiss are legal arguments and do not require discovery from defendant to adjudicate. However, were this case to proceed to merits discovery, complex questions of intent—including possibly the President's intent—would ostensibly be involved. Staying discovery at the outset of this case could avoid such complex and costly discovery altogether.

### IV.     Extraordinary circumstances call for a stay of discovery in the present case.

This Court's Individual Rules and Procedures for Civil Cases make clear that discovery will not be stayed pending a motion to dismiss absent extraordinary circumstances. *See* Rule III.C.2 of the Court's Individual Rules and Procedures for Civil Cases. This case presents extraordinary circumstances warranting a stay of discovery. The sole defendant in this action is the President, who plaintiff alleges has taken or encouraged actions in retaliation for speech. Plaintiff seeks injunctive and declaratory relief against the President. The Supreme Court has held that a "grant of injunctive relief against the President himself is extraordinary, and should . . . raise[] judicial eyebrows." *Franklin v. Massachusetts*, 505 U.S. 788, 802 (1992) (plurality opinion); *see id.* at 827–28 (Scalia, J., concurring) (extending separation-of-powers analysis to declaratory relief). More broadly, the Supreme Court has held that "[t]he high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of [an] entire proceeding [against him], *including the timing and scope of discovery*." *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (emphasis added); *see also Nixon v. Fitzgerald*, 457 U.S. 731, 755 (1982) ("Courts traditionally have recognized the President's constitutional responsibilities and status as factors counseling judicial deference and restraint."). Defendant's motion to dismiss will lay out the jurisdictional consequences of a suit seeking injunctive and declaratory relief against the President in greater detail. For purposes of the present motion, plaintiff's claims against the President amount to extraordinary circumstances.

Extraordinary circumstances are also present in the specific discovery context implicated by defendant's present motion. Plaintiff's claims address decisions made and actions taken by the President. Although plaintiff has not yet made any discovery demands, the nature of plaintiff's claims indicates that it might try to seek discovery of Presidential communications or the President's state of mind. Such discovery demands would raise questions of executive privilege. *See, e.g., United States v. Nixon*, 418 U.S. 683, 703–13 (1974) (discussing executive privilege in the context of a subpoena against the President). Resolution of such questions—which would have constitutional dimensions—and the possibility of avoiding them through adjudication of defendant's motion to dismiss amount to extraordinary circumstances warranting a staying of discovery.

In conclusion, defendant respectfully requests that the initial pretrial conference scheduled for January 8, 2019, serve as a pre-motion conference on defendant's unopposed motion to stay discovery pending resolution of his anticipated motion to dismiss plaintiff's amended complaint.

Thank you for your consideration.

                                          Respectfully submitted,
                                          GEOFFREY S. BERMAN
                                          United States Attorney

                       By:    /s/ Steven J. Kochevar
                            Steven J. Kochevar
                            Assistant United States Attorney
                            86 Chambers Street, Third Floor
                            New York, NY 10007
                            Telephone: (212) 637-2715
                            Fax: (212) 637-2717
                            Email: steven.kochevar@usdoj.gov

Case 1:18-cv-09433-LGS   Document 25   Filed 12/20/18   Page 4 of 4

Page 4