

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 5, 2019

**By ECF**
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *PEN American v. Trump*, 18 Civ. 9433 (LGS)

Dear Judge Schofield:

This Office represents defendant President Donald J. Trump in this First Amendment action brought by plaintiff PEN American Center, Inc. ("PEN American"). The parties respectfully submit this joint letter and appended proposed case management plan pursuant to the Court's January 30, 2019, Order. Dkt. No. 35. The initial pretrial conference in this matter is currently scheduled to be held at 11:00 AM on March 12, 2019. Dkt. No. 39.

## I.      Statement of the Case

Plaintiff PEN American, an association advocating on behalf of writers, alleges that defendant has taken or encouraged actions intended to chill speech critical of himself or his administration. Plaintiff's amended complaint asserts three claims under the First Amendment—first, for alleged retaliation for critical reporting; second, for alleged retaliatory threats; and third, for an alleged violation of the right to receive information. *See* Am. Compl. ¶¶ 115–36, Dkt. No. 38. Plaintiff seeks declaratory and injunctive relief, namely a declaration that defendant's allegedly retaliatory actions violated the First Amendment and an injunction forbidding defendant from directing any subordinate to take any action in retaliation for speech critical of defendant or his Administration. *See id.* Prayer for Relief.

Defendant will argue in his anticipated motion to dismiss that this Court should dismiss plaintiff's complaint on jurisdictional grounds because plaintiff lacks standing and because this Court lacks jurisdiction to enter the requested relief against the President in this context. Defendant will also argue that plaintiff's complaint fails to state a claim for relief under the First Amendment. At the motion-to-dismiss stage, the key legal issues will be whether plaintiffs have Article III standing, whether this Court has jurisdiction to enter plaintiff's requested relief against the President, and whether plaintiff has alleged a plausible claim for relief. In the event defendant's anticipated motion to dismiss is denied, the key issues will be whether the actions alleged by plaintiff were, in fact, retaliation for critical news reports, unlawful threats, or infringements on plaintiff's ability to receive information, and whether those actions in this context violate the First Amendment.

## II.        Plaintiff's Statement of Jurisdiction

Plaintiff asserts that this Court has jurisdiction over its amended complaint pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the First Amendment to the United States Constitution.  Plaintiff will argue that it has both organizational and associational standing to pursue its claims and that this Court has jurisdiction to grant the relief Plaintiff seeks.

## III.        Defendant's Statement of Jurisdiction

Defendant asserts that this Court lacks jurisdiction over plaintiff's complaint on constitutional grounds.  As defendant will argue in his anticipated motion to dismiss, plaintiff lacks Article III standing to bring its claims.  Defendant also maintains that this Court lacks jurisdiction to grant the requested relief against the President.

## IV.        Anticipated Motions

Defendant seeks to file a motion to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Defendant will argue that this Court lacks jurisdiction because plaintiff lacks organizational or associational standing under Article III.  Defendant will also argue that this Court lacks jurisdiction to enter the requested relief against the President.  In addition, defendant's motion will assert that plaintiff has failed to plausibly allege a claim for relief under the First Amendment, including because plaintiff has failed to allege that plaintiff's speech motivated defendant to take any action and because plaintiff has failed to allege any requisite injury for purposes of a First Amendment claim.

Plaintiff will respond, *inter alia*, that it has both organizational and associational standing under Article III because, among other reasons, plaintiff has plausibly alleged injuries in fact to both itself as an organization, its members, and those journalists on whose behalf plaintiff advocates.  Plaintiff will further respond that this Court has jurisdiction to enter the relief plaintiff requests.  Plaintiff will also respond that it has sufficiently alleged claims for relief under the First Amendment by plausibly alleging that defendant's illegal actions were motivated by the content of plaintiff's members speech and that of third parties on whose behalf plaintiff advocates.

Defendant also seeks to file a motion to stay discovery pending the outcome of its anticipated motion to dismiss.  As discussed herein, defendant's motion to dismiss will present substantial legal arguments for dismissal, warranting a stay of discovery.  In addition, plaintiff's claims against the President—and the possibility of taking discovery against the President—amount to extraordinary circumstances warranting a stay of discovery.  While Plaintiff does not concede that defendant's legal arguments warrant dismissal, Plaintiff has informed defendant that plaintiff will not oppose defendant's motion to stay discovery, unless this Court deems jurisdictional discovery necessary and appropriate.

## V.        Discovery

No discovery has taken place.  Defendant seeks to file a motion to stay discovery pending the outcome of defendant's anticipated motion to dismiss.  The parties anticipate that the scope of

admissible, material discovery will substantially depend on the extent of executive privilege in this context.

## VI.    Damages

Plaintiff is not seeking damages in this action.

## VII.    Settlement Discussions

The parties have not engaged in settlement discussions and do not think a settlement conference would be useful at this time.

## VIII.    Other Information

The parties do not have further information to offer the Court at this time.  Counsel for the parties have worked cooperatively, in preparing this letter and with regard to defendant's anticipated motions.

The parties and their counsel thank the Court for its consideration of this submission.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By:    /s/ Steven J. Kochevar
Steven J. Kochevar
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2715
Fax: (212) 637-2717
Email: steven.kochevar@usdoj.gov

Encl.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------X
      PEN American Center, Inc.,                    :
                                                    :
                                                    :
                              Plaintiff(s),         :       18 Civ.  9433 (LGS)
                                                    :
                -v-                                 :
                                                    :       CIVIL CASE
      Donald J. Trump, in his official capacity as President of  :   MANAGEMENT PLAN
      the United States,                            :       AND SCHEDULING
                              Defendant(s).         :       ORDER
                                                    :
------------------------------------------------------------------X
```

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.    All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  *See* 28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  *[If all parties consent, the remaining paragraphs need not be completed.]*

2.    The parties [have _____ / have not __X__] conferred pursuant to Fed. R. Civ. P. 26(f).

3.    This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

      a.    An employment case governed by the Initial Discovery Protocols for Employment cases?  http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713.
            [Yes _____ / No __X__]

      b.    A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York?
            http://www.nysd.uscourts.gov/docs/mediation/Local%20Civil%20Rule%2083.10.
            Final.pdf .  [Yes _____ / No __X__]

      c.    A patent case subject to the Local Patent Rules and the Court's Individual Rules?
            http://www.nysd.uscourts.gov/rules/Standing_Order_In_re_Local_Patent_Rules.p
            df and
            http://nysd.uscourts.gov/cases/show.php?db=judge_info&id=1491
            [Yes _____ / No __X__]

    d.        A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?
http://nysd.uscourts.gov/cases/show.php?db=judge_info&id=1492 [Yes _____ / No_____X_____ ]

4.        Alternative Dispute Resolution/Settlement

    a.        Settlement discussions [have _____ / have not ___X___ ] taken place.

    b.        Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
_____The parties have not agreed to exchange information at this time._____
_____
_____

    c.        Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case:  (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
_____(i) a settlement conference before a Magistrate Judge_____
_____
_____

    d.        Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
_____after the close of fact discovery_____
_____
_____

    e.        **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

*5.*        No additional parties may be joined after _03/12/2019_ without leave of Court.

*6.*        Amended pleadings may be filed without leave of Court until __03/12/2019___.

7.        Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than _____21_____ days from the date of this Order.  *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.      Fact Discovery

     a.      All fact discovery shall be completed no later than ___12/31/2019_____.
             *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

     b.      Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by ____4/10/2019_____.

     c.      Responsive documents shall be produced by _05/24/2019_.
             Do the parties anticipate e-discovery?   [Yes __X____ / No _____]

     d.      Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by
             ____4/10/2019_____.

     e.      Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by
             ____11/29/2019_____.

     f.      Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by
             ____12/31/2019_____.

     **g.      Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**


9.      Expert Discovery [if applicable]

     a.      Anticipated types of experts if any:
           The parties do not anticipate calling expert witnesses, but reserve the right to seek expert discovery at a later time based on development of claims and defenses and information obtained during discovery.

     b.      If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than _____.
             *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.

     c.      If you have identified types of experts in question 9(a), by _____ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.     This case [is _____ / is not __X__] to be tried to a jury.

11.     Counsel for the parties have conferred and their present best estimate of the length of trial is _____2 weeks_____.

12.     Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

      Defendant seeks to file a motion to stay discovery pending the outcome of his anticipated motion to dismiss.

    _____

    _____

    _____

    _____

    _____

13.     Status Letters and Conferences

    a.     By ___5/9/2019___ *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b.     By ___01/14/2020___ *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c.     On ___01/14/2020___ at __10:00_ A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i.     A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

        ii.     If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: _____
      New York, New York

_____
LORNA G. SCHOFIELD
United States District Judge

Counsel for the Parties:

Kristy Parker
_____

Protect Democracy, Inc.
2020 Pennsylvania Avenue, NW Ste. 163
_____
Washington, DC 20006
Tel. (202) 424-9906
_____

Steven J. Kochevar, Assistant U.S. Attorney
_____

U.S. Attorney's Office for the S.D.N.Y.
86 Chambers St., 3rd Floor, New York, NY 10007
_____

Tel. (212) 637-2715
_____