

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 9, 2020

**By ECF**
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *PEN American v. Trump*, 18 Civ. 9433 (LGS)

Dear Judge Schofield:

The parties respectfully submit this joint letter and appended proposed case management plans pursuant to the Court's March 26, 2020, Order. Dkt. No. 77. The initial pretrial conference in this matter is currently scheduled to be held at 10:50 AM on April 16, 2020. *Id.*

## I. Statement of the Case

Plaintiff's statement of the case is as follows: This is a civil action for declaratory relief against the President of the United States in his official capacity. The plaintiff alleges that the President has violated its own and its members' First Amendment rights to freedom of speech and press and to receive speech by revoking and threatening to revoke White House press credentials and security clearances in retaliation for protected speech. (Other claims and allegations were dismissed pursuant to the court's order dated March 24, 2020). The major factual and legal issues to resolve are (1) whether plaintiff can establish a prima facie case of retaliation based on protected speech and whether the United States can rebut the presumption of retaliation by showing that the government would have taken the same actions regardless of the protected speech of the targets of the actions; and (2) whether the President and his surrogates' statements to journalists and security clearance holders can reasonably be interpreted as intimating that some form of punishment or adverse action will follow the failure to accede to the President's will.

Plaintiff disagrees with Defendant's contention, stated below, that the only issue remaining in this case relates to the revocation of one press credential belonging to PEN member Jim Acosta. Rather, as the court ruled in its order on the Defendant's motion to dismiss: "Plaintiff has constitutional standing to pursue First Amendment claims against Defendant's *practice* of (i) selectively barring access to the White House press corps, including by revoking or threatening to revoke press credentials, due to hostility to the reporters' speech (the "Press Corps Claim"), and (ii) revoking or threatening to revoke the security clearances of former government officials whose commentary he dislikes (the "Security Clearance Claim")." (emphasis added). As the court likewise ruled: "[t]he Complaint plausibly states the Press Corps Claim and Security Clearance Claim. Plaintiff pursues each claim under two First Amendment theories: the bar against government threats that chill free speech and the bar against retaliatory government acts that punish speech. Both theories are viable."

The government's statement of the case is as follows: Although the government respectfully wishes to preserve its arguments that the Court lacks jurisdiction over plaintiff's claims, the government's principal defense is that the sole incident of a suspension of a White House press credential alleged by plaintiff—which has already been the subject of resolved litigation in the United States District Court for the District of Columbia[1]—involved issues separate from any alleged First Amendment viewpoint retaliation. The government disputes plaintiff's assertion that any willing speaker's speech has been chilled. In the government's view, the major legal and factual issues at this stage concern whether the President of the United States has engaged in unconstitutional retaliation against protected First Amendment activity, in connection with revocations of either White House press credentials or security clearances of any of Plaintiff's members.

## II. Statements of Jurisdiction

### A. Plaintiff's Statement of Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the claims in this action arise under the Constitution and laws of the United States, specifically the First Amendment to the United States Constitution. Venue is proper pursuant to 28 U.S.C. § 1391(e) because Defendant is an officer or agency of the United States and Plaintiff PEN America resides in the District.

### B. The Government's Statement of Jurisdiction

The government respectfully disagrees with Court's decision denying its motion to dismiss on jurisdictional grounds and wishes to preserve its position that this Court lacks jurisdiction over plaintiff's complaint on constitutional grounds.

## III. Motions

### A. Past Motions

The Court granted in part and denied in part the government's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). *See* Dkt. No. 76. The Court granted the government's unopposed motion to stay discovery pending resolution of its motion to dismiss. *See* Dkt. No. 44. The Court granted the government's opposed motion to extend its time to Answer the Amended Complaint. *See* ECF No. 79.

### B. Anticipated Motions

At present, the government is consulting on whether it has a basis (and the required permissions) to file two motions. First, the government is consulting on the possibility of seeking an order under 28 U.S.C. § 1292(b) certifying the Court's decision on the government's motion to dismiss for an interlocutory appeal. The principal basis for such a motion would be that there is a

---

[1] *See CNN v. Trump*, No. 18-cv-2610 (TJK) (D.D.C.) (plaintiffs voluntarily dismissed this lawsuit on November 19, 2018, after Mr. Acosta's press was restored).

substantial difference of opinion regarding the existence of subject matter jurisdiction in this case and that an immediate appeal may materially advance the ultimate termination of the litigation. As the Court is aware, the Office of the Solicitor General would need to approve any such motion.

Second, the government is determining whether or not it has a basis to file a motion for summary judgment on plaintiffs' claims concerning the revocation of security clearances. In the event that the government files a summary judgment motion or a motion for an order under 28 U.S.C. § 1292(b), the government may seek a stay of discovery pending their resolution.

In addition, the government believes there is a possibility this case could be resolved expeditiously with respect to all of plaintiff's remaining claims through cross-motions for summary judgment on stipulated facts.

Plaintiff would oppose either a petition for certifying the court's decision on the motion to dismiss for interlocutory appeal, or a motion for summary judgment at this time. Plaintiff further disagrees that it is likely that this case is amenable to cross-motions for summary judgment on stipulated facts. Defendant's assertion rests on its misconception that the sole issues in this case relate to the treatment of Jim Acosta. Rather, the issues are whether the Defendant has engaged—as set forth in the Amended Complaint—in a *practice* of retaliatory threats and retaliatory acts. The government's reasons for taking relevant actions are germane to the resolution of both issues. Unless Defendant is willing to stipulate to the existence of the requisite motive, Plaintiff is, at minimum, entitled to discovery that would elucidate additional motive evidence.

**C. Discovery**

No discovery has taken place.

Plaintiff's position is that Plaintiff expects to obtain documents; answers to interrogatories, and requests for admission; and deposition testimony that will be relevant and admissible on at least the following: the revocation of (or threats to revoke) press credentials and security clearances and the reasons such actions were taken. For the reasons previously stated, Plaintiff doubts this case can be resolved on cross-motions based on stipulated facts, and the Defendant's attempt to narrow the issues in the case to those surrounding Jim Acosta is misconceived. As to separation of powers concerns, the government is free to raise any claims of executive privilege in response to specific discovery requests at the appropriate time. Furthermore, Plaintiff believes—and will argue at the appropriate time—that executive privilege does not shield the government from accountability for violating the First Amendment. Plaintiff is entitled to discovery targeted to uncover the reasons for relevant actions taken by the President and his subordinates.

The government's position is that no discovery in the present case is necessary or appropriate. In particular, the government believes there is a possibility this case could be resolved expeditiously on cross-motions for summary judgment on stipulated facts, without discovery—the approach suggested by the Court and followed by the parties in *Knight First Amendment Institute at Columbia v. Trump*, 302 F. Supp. 3d 541, 550 n.1 (S.D.N.Y. 2018). If any discovery occurs, it should be minimal because any discovery requests directed at the White House would raise significant separation-of-powers concerns and issues of executive privilege. *See Cheney v. U.S. District Court for the District of Columbia*, 542 U.S. 367 (2004). In addition, the government notes

that consistent with the requirements of Fed. R. Civ. P. 26(b)(1), any discovery shall be limited to any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . [and] the importance of the discovery in resolving the issues."

**D. Damages**

Plaintiff is not seeking damages in this action.

**E. Procedural Posture and Upcoming Deadlines**

The government's Answer to Plaintiff's Amended Complaint, which the Court dismissed in part, is due May 19, 2020. *See* ECF No. 79.

**F. Settlement Discussions**

The parties have not engaged in settlement discussions. The government requests a settlement conference before a Magistrate Judge. Because injunctive relief is not available to plaintiffs, plaintiffs do not claim monetary damages, and Mr. Acosta's press credentials were long ago restored, the government believes the remaining limited issues are highly amenable to settlement—and that settlement can be accomplished with the participation of a Magistrate Judge.

Plaintiff is amenable to listening to an offer from the government to settle and to a settlement conference with a Magistrate Judge, but disagrees that the issues are limited to Mr. Acosta.

**G. Other Information**

The parties have been unable to reach agreement on a proposed case management plan and respectfully each submit a proposed case management plan for the Court's consideration. *See* Exhibit A (Plaintiff's Proposed Case Management Plan); Exhibit B (Government's Proposed Case Management Plan). The government perceives two primary points of disagreement between the parties with respect to the proposed case management plans. First, in light of the resources and staffing being allocated by the government to responding to the present national emergency arising from COVID-19, the government requests that discovery not begin until May 19, 2020. This would also allow government counsel to consult on the certification question and possibly seek approval from the Office of the Solicitor General. The Court has already extended the time for the government to file an Answer to May 19, 2020, on similar grounds. *See* ECF No. 79.

Plaintiff's response is as follows: Discovery should commence immediately upon the issuance of a scheduling order entered by this Court. The amended complaint alleges ongoing violations of a core constitutional right—violations that are recurring at a time of national emergency when the need for press freedom is at its zenith. The federal and local rules do not require an answer to the complaint prior to commencement of discovery, *see* Fed. R. Civ. P. 26(d)(1) (allowing discovery to commence after the parties have conferred as required by Rule 26(f)), and the work necessary to identify and produce information necessary for initial disclosures, document requests, and interrogatories can be done simultaneously with the work necessary to gather information relevant to answer the complaint. While Plaintiff understands the

need to ensure public safety during the coronavirus pandemic, relevant information can be gathered by telephonic and electronic means.

Second, the government's proposed case management plan allows the government additional time to respond to discovery requests. Although the government opposes all discovery in this matter, if discovery proceeds as plaintiff proposes, the government will need additional time to assess which potentially responsive documents are classified or protected by executive privileges such as the deliberative process privilege, are law-enforcement sensitive (as it pertains to the security clearance claims), and/or protected by other applicable privileges or immunities such as the attorney-client privilege or work product doctrine. The government respectfully submits that the need for this review amounts to exceptional circumstances warranting a longer discovery period than in a typical case. That is particularly so with respect to any discovery targeted toward the White House, to which the government reiterates its objection in full. *See Cheney v. U.S. District Court for the District of Columbia*, 542 U.S. 367 (2004). Plaintiff has allowed for additional time for the Defendant to respond to requests for production but does not agree that the Defendant will require five months to review and produce relevant documents.

The government also wishes to inform the Court that it believes there is a possibility that this matter could be expeditiously resolved through cross-motions for summary judgment on stipulated facts. At present, the government is aware of one episode at issue, the exchange between Mr. Acosta and the President at the White House and the subsequent suspension of Mr. Acosta's White House press credentials. There is video footage of the exchange, and the government is prepared to stipulate to the circumstances of the exchange and any subsequent action taken by the government. Accordingly, although the government is submitting a proposed case management plan pursuant to the Court's March 26, 2020 Order, *see* Dkt. No. 77, it requests that the Court forbear from opening discovery at least until the parties have completed a settlement conference and met and conferred (telephonically) on whether it is possible to resolve this case on stipulated facts. As noted above, Plaintiff disagrees with the Defendant's view of the likelihood of resolving the case through cross-motions based on stipulated facts.

The parties and their counsel thank the Court for its consideration of this submission.

Respectfully submitted,

Kristy Parker
THE PROTECT DEMOCRACY PROJECT, INC.
2020 Pennsylvania Avenue., NW, #163
Washington, DC 20006
(202) 579-4582

GEOFFREY S. BERMAN
United States Attorney

By: /s/ Steven J. Kochevar
Steven J. Kochevar
Assistant United States Attorney
86 Chambers Street, 3rd Floor

New York, NY 10007
Telephone: (212) 637-2715
Fax: (212) 637-2717
Email: steven.kochevar@usdoj.gov

Cc (by ECF): Counsel of Record

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEN American Center, Inc.,

Plaintiff(s),

-v-

Defendant(s).

18 Civ. _____ (LGS)

CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ______ / do not consent ___X___] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2. The parties [have ______ / have not ______] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

   a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes ______ / No ______]

   b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
   [Yes ______ / No ______]

   c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
   [Yes ______ / No ______]

   d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes ______ / No________]

4. Alternative Dispute Resolution/Settlement

a. Settlement discussions [have ______ / have not ______] taken place.

b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. No additional parties may be joined after __________ without leave of Court.

6. Amended pleadings may be filed without leave of Court until ______________.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than __________ days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8. Fact Discovery

a. All fact discovery shall be completed no later than ______________________. *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by ______________________.

c. Responsive documents shall be produced by ___________.
Do the parties anticipate e-discovery? [Yes ______ / No ______]

d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by ______________________.

e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by ______________________.

f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by ______________________.

**g. Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

a. Anticipated types of experts if any:
_________________________________________________________________
_________________________________________________________________
_________________________________________________________________

b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than ______________________.
*[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit if you have not identified types of experts.

c. If you have identified types of experts in question 9(a), by _________ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is ______ / is not ______] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is ______________________.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

_______________________________________________________________________
_______________________________________________________________________
_______________________________________________________________________
_______________________________________________________________________
_______________________________________________________________________
_______________________________________________________________________
_______________________________________________________________________

13. Status Letters and Conferences

a. By ___________ *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

b. By ______________ *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

c. On _______________ at ______A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

ii. If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: __________________
New York, New York

__________________________________
LORNA G. SCHOFIELD
United States District Judge

Counsel for the Parties:

__________________________________
Kristy Parker
_

The Protect Democracy Project, Inc.
_2020 Pennsylvania Ave, NW, #163
_Washington, DC 2006
(202) 849-9307

__________________________________

__________________________________

__________________________________

__________________________________

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

PEN AMERICAN, INC.,

Plaintiff(s),

-v-

DONALD J. TRUMP, in his official capacity as President of the United States,

Defendant(s).

-------------------------------------------------------------------X

18 Civ. 9433 (LGS)

CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ______ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2. The parties [have __X__ / have not ______] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

   a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes ______ / No __X__]

   b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
   [Yes ______ / No __X__]

   c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
   [Yes ______ / No __X__]

   d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes ______ / No __X__]

4. Alternative Dispute Resolution/Settlement

a. Settlement discussions [have ______ / have not __X___] taken place.

b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

_The parties have not agreed to an exchange of information at this time.

c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
The government believes thatasettlement conference before a Magistrate Judge or participation in the District's Mediation Program would be useful.

d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

The government believes a settlement conference or mediation would be useful now.

e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

*5.* No additional parties may be joined after __04/03/20__ without leave of Court.

*6.* Amended pleadings may be filed without leave of Court until ____04/03/20____.

*7.* Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than ____30____ days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

*8.* Fact Discovery

a. All fact discovery shall be completed no later than ______12/16/20________. *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by ____05/19/20____________.

c. Responsive documents shall be produced by 10/17/20 ___.
Do the parties anticipate e-discovery? [Yes __x____ / No ______]

d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by ____05/19/20____________.

e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by ____12/16/20____________.

f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by ____10/03/20____________.

g. **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

a. Anticipated types of experts if any:
At present, the government does not anticipate relying on expert testimony, but reserves the right to disclose and rely on expert testimony in the future.

b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than ______________________.
*[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit if you have not identified types of experts.

c. If you have identified types of experts in question 9(a), by _________ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is ______ / is not __X___] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is ____2 days______________.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:
At present, the government is considering filing certain motions detailed in the parties' joint letter and may request that discovery be stayed pending resolution of any such motions. The government also requests that discovery be stayed pending a settlement conference and meet-and-confer on whether this case can be resolved on cross-motions for summary judgment on stipulated facts.

13. Status Letters and Conferences

a. By 07/15/20 *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

b. By 12/30/20 *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

c. On 01/06/21 at 10:00 A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

ii. If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: ________________
New York, New York

________________________________
LORNA G. SCHOFIELD
United States District Judge

Counsel for the Parties:

________________________________ Geoffrey S. Berman, U.S. Attorney

________________________________ By: Steven J. Kochevar, Assistant U.S. Attorney

________________________________ 86 Chambers Street, 3rd Floor, New York, NY 10007

Tel.: (212) 637-2715