

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 18, 2020

**By ECF**
The Honorable Lorna G. Schofield
United States District Judge
40 Foley Square
New York, NY 10007

Re:     *PEN American v. Trump*, 18 Civ. 9433 (LGS)

Dear Judge Schofield:

This Office represents defendant President Donald J. Trump in this First Amendment action brought by plaintiff PEN American Center, Inc. ("PEN American"). I write respectfully pursuant to Rule III.A.1 of the Court's Individual Rules and Procedures for Civil Cases to request a pre-motion conference and to lay out the bases of the President's anticipated motion (1) to certify for interlocutory appeal under 28 U.S.C. § 1292(b) the Court's March 24, 2020, Opinion and Order, and (2) to stay discovery in this action pending the Court's resolution of the President's certification motion and a resolution by the United States Court of Appeals for the Second Circuit of the President's petition for an interlocutory appeal and, if the petition is granted, pending final resolution of the interlocutory appeal. *See, e.g.*, *Batalla Vidal v. Nielsen*, Nos. 16-CV-4756, 17-CV-5228, 2018 WL 333515, at *5 (E.D.N.Y. January 8, 2018) (staying discovery and certifying decision on government's motion to dismiss).

## I.     Background

PEN American is an association of writers and media professionals that advocates on behalf of writers. Plaintiff initiated the present action against the President in his official capacity on behalf of itself and its members, alleging that the President violated the First Amendment by suppressing media free speech through threats and retaliation. *See* Complaint, ECF No. 1; Amended Complaint, ECF No. 38. The President moved to dismiss for lack of standing and for failure to state a claim upon which relief can be granted. *See* Motion to Dismiss, ECF No. 45. The Court granted in part and denied in part the President's motion to dismiss. *See* March 24, 2020 Opinion and Order, ECF No. 76 (the "March 24 Opinion"). Specifically, the Court dismissed plaintiff's claims except for those challenging the President's alleged practices of (1) revoking or threatening to revoke White House press credentials (the "Press Corps Claim"), and (2) revoking or threatening to revoke national security clearances (the "Security Clearances Claim"). The Court also held that the plaintiff could not seek injunctive relief against the President, but could seek a declaratory judgment. *See id.*

The Court directed the parties to file a status letter by May 19, 2020, updating the Court on the progress of discussions on whether this action can be resolved on stipulated facts. *See* Order dated April 16, 2020, ECF No. 84. The Court scheduled a status conference for May 21, 2020, at 10:50 A.M. *See id.*

## II.     The Court Should Certify Its March 24, 2020 Opinion and Order for an Interlocutory Appeal Under 28 U.S.C. § 1292(b)

### A.  Standards for Certification Under 28 U.S.C. § 1292(b)

Under 28 U.S.C. § 1292(b),

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [s]he shall so state in writing in such order.

The prerequisites to certification have been satisfied here, and the Court should certify the March 24 Opinion.

### B.  An Immediate Appeal Will Materially Advance the Termination of This Litigation

Immediate appeal of the March 24 Opinion will materially advance the termination of this litigation. If the Second Circuit accepts the President's argument that the President is not amenable to suit for a declaratory judgment or that plaintiff does not have standing, the case will be dismissed. And if the Second Circuit accepts the President's argument that the Press Corps Claim or the Security Clearances Claim fails to state a claim, at a minimum, the case and any need for discovery will be substantially narrowed.  Avoiding protracted litigation and streamlining any possible discovery is particularly important in this case because the President is the defendant. As the Supreme Court has explained, the President occupies a "unique position in the constitutional scheme," *Clinton v. Jones*, 520 U.S. 681, 698 (1997), and the President's "constitutional responsibilities and status [are] factors counseling judicial deference and restraint" in the conduct of litigation against [him]," *Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 381-82 (2004) (citation omitted).  *See Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996) ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation."); *see also In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998) ("An immediate appeal is considered to advance the ultimate termination of the litigation if that 'appeal promises to advance the time for trial or to shorten the time required for trial.'" (quoting 16 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 3930, at 432 (2d ed.1996))).

### C.  The March 24 Opinion Involves Controlling Questions of Law as to Which There is Substantial Ground for Difference of Opinion

The March 24 Opinion involves four controlling questions of law as to which there is substantial ground for difference of opinion: (1) whether the President is subject to suit for a declaratory judgment regarding the legality of non-ministerial actions that he has taken in his official capacity; (2) whether, as a matter of law, generalized allegations of a chilling effect on

the speech of third parties are sufficient to support organizational and associational standing for a First Amendment claim; (3) whether the First Amendment prohibits the President and his subordinates from choosing to provide greater access to some reporters and less access to other reporters based on the reporters' coverage; and (4) whether plaintiff can bring a First Amendment claim challenging the revocation and threatened revocation of security clearances of former government officials based on generalized allegations of a chilling effect on the speech of third parties.

Each of these questions is controlling. As the Second Circuit has explained, whether a "question of law" is "controlling" is closely related to whether its resolution would "materially advance the ultimate termination of the litigation." *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978). "In determining whether a controlling question of law exists the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action [or]  . . . significantly affect the conduct of the action . . . ." *In re Facebook, Inc.*, *IPO Securities and Derivative Litig.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014). Reversal on any of these questions could result in dismissal of the present action or significantly affect the conduct of the action.

There is substantial ground for difference of opinion as to each of these questions. *See id.* at 539-40 (explaining when a substantial ground for difference of opinion exists). There is conflicting authority on each question, or the issue is one of first impression in this Circuit. *See, e.g.*, *Newdow v. Roberts*, 603 F.3d 1002, 1012-13 (D.C. Cir. 2010) ("The only apparent avenue of redress for plaintiffs' claimed injuries would be injunctive or declaratory relief against all possible President-elects and the President himself.  But such relief is unavailable."); *Baltimore Sun Co. v. Ehrlich*, 437 F.3d 410, 413 (4th Cir. 2006) (explaining that reporters "[h]aving access to relatively less information than other reporters on account of one's reporting" is a "pervasive feature of journalism and of journalists' interactions with government").

## III.    The Court Should Stay Further Proceedings in this Case

The Court should stay discovery pending resolution of the President's certification motion, any petition to the United States Court of Appeals for the Second Circuit, and (if an interlocutory appeal is authorized) pending final resolution of the interlocutory appeal. "Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery 'for good cause shown.'" *Spencer Trask Software and Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quoting Fed. R. Civ. P. 26(c)). Because the President is the sole defendant in this case, the discovery sought by plaintiff will raise significant issues of executive privilege and separation of powers. The Supreme Court has stated that such "occasion[s] for constitutional confrontation between the two branches should be avoided whenever possible." *Cheney*, 542 U.S. at 389-90 (quotation marks omitted). Certification under § 1292(b) offers a way to obviate or narrow discovery in this matter and thereby avoid constitutional confrontations. However, the possibility of avoiding these difficult issues will be lost if discovery proceeds while the Court decides the President's certification motion or while the Circuit considers any potential petition to appeal, or the appeal itself. Thus, there is "good cause" to forbear commencing discovery until decision on the certification motion and any petition to the Circuit and, if the petition is granted, the subsequent appeal.

The President thanks the Court for its consideration of this submission.

Respectfully submitted,
GEOFFREY S. BERMAN
United States Attorney

By:     /s/ *Steven J. Kochevar*
Steven J. Kochevar
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Telephone: (212) 637-2715
Fax: (212) 637-2717
Email: steven.kochevar@usdoj.gov

<u>Cc (By ECF):</u> Counsel of Record