

**U.S. Department of Justice**

*United States Attorney
Southern District of New York*

*86 Chambers Street
New York, New York 10007*

May 19, 2020

**By ECF**
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *PEN American v. Trump*, 18 Civ. 9433 (LGS)

Dear Judge Schofield:

    The parties respectfully submit this joint letter pursuant to the Court's April 16, 2020, Order. Dkt. No. 84.

### I.    The Status of the Parties' Discussions

    Since the April 16, 2020, status conference in this matter, the parties have engaged in negotiations by phone and electronic mail on whether Plaintiff's claims may be resolved on cross-motions for summary judgment on stipulated facts, or through a negotiated settlement based on stipulated facts. On May 5, following initial discussions, Plaintiff provided the President with written proposed stipulations that encompass the allegations in the Amended Complaint, some form of the "ultimate issue" stipulations suggested by the Court at the initial conference, *see* Initial Conference Transcript, p. 5, and allegations concerning events and statements that occurred after the filing of the Amended Complaint. On May 18, following an interim discussion, counsel for the President provided Plaintiff with a written counter-proposal.

    The parties broadly agree that it may be possible to stipulate to the circumstances of certain public events and statements alleged in Plaintiff's Amended Complaint. However, the parties believe that it is unlikely that they will be able to reach agreement on stipulations concerning the President's alleged motivations for taking certain actions. In addition, the parties have not reached agreement on whether or not it is appropriate to stipulate to facts concerning events and statements occurring after the filing of the Amended Complaint.

### II.    Plaintiff's Proposed Next Steps

    Plaintiff's position is that discovery should commence immediately in accordance with the schedule Plaintiff has already proposed. On a motion for summary judgment, the Court must decide whether there are genuine issues of fact in dispute and, if not, whether judgment as a matter of law is appropriate. Fed. R. Civ. P. 56. Plaintiff alleges both that President Trump has engaged in an ongoing pattern of (1) threatening to retaliate and (2) carrying out retaliatory acts against journalists and media commentators because of the content of their speech in violation of the First Amendment. With respect to the retaliation claims, Plaintiff can make out a *prima facie* case of retaliation based on the facts in the Amended Complaint. *Cf. Dorsett v. Cty. of Nassau*, 732 F.3d

157, 160 (2d Cir. 2013). The burden then shifts to the government to demonstrate by a preponderance of the evidence that Defendant Trump and his subordinates would have taken those actions even in the absence of protected conduct. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977). Without the motive stipulations Plaintiff proposed (or some form thereof), the government will almost certainly argue in a motion for summary judgment that the President's retaliatory acts were not based on, or were not primarily based on, protected speech but were taken for other reasons. Plaintiff is entitled to seek discovery related to the government's reasons for taking the alleged retaliatory actions to eliminate any material dispute of fact on this issue.

Plaintiff agrees that broad discovery is unnecessary in this case, but the government's position that discovery into the motivations and communications of people in the White House is not appropriate due to separation of powers concerns is wrong as a matter of law, and at the very least an objection to the scope of discovery is premature. "[N]either the doctrine of separation of powers, nor the need for confidentiality of high-level communications, without more, can sustain an absolute, unqualified Presidential privilege of immunity from judicial process under all circumstances." *United States v. Nixon*, 418 U.S. 683, 706 (1974). Instead, any assertion of Presidential privilege must be balanced against "the legitimate needs of judicial process." *Id.* at 707; *see also In re Sealed Case*, 121 F.3d 729, 736–40 (D.C. Cir. 1997) (executive privilege is qualified and does not operate to shield evidence of wrongdoing upon sufficient showing of need). The President and his staff do not have a privilege to wholly shield communications—from the public or the courts—that regard directives by the President to violate the Constitution, nor is the President immune from accountability for violating the Constitution.

Plaintiff should be permitted to serve discovery requests on the government without further delay, the government should respond promptly, and any disputed claims of privilege or immunity should be resolved quickly in the context in which they arise. Once discovery commences, Plaintiff will endeavor to limit the discovery requested and expedite a motion for summary judgment. To this end, Plaintiff may seek permission to serve interrogatories on the government at the outset of discovery to elicit the defenses the government intends to raise in response to the claims in the Amended Complaint and the evidence that supports those defenses. Plaintiff is prepared to continue on a parallel track the discussion over fact stipulations in order to streamline the presentation of evidence to the Court as finder of fact.

Plaintiff will respond to Defendant's pre-motion letter in support of its intention to file a motion to certify an interlocutory appeal in accordance with this Court's Individual Rules. In sum, Plaintiff's position is that this case does not meet the standard for certification and the President is not beyond accountability for his official actions that violate the Constitution. Discovery should not be further delayed during the pendency of Defendant's anticipated motion. Counsel for the President has informed Plaintiff that the President will not stipulate to motive. Without any stipulation as to motive, there is no path forward for resolving the retaliation claim on stipulated facts, so staying discovery to permit further negotiations would be a waste of time.

### III.     The President's Proposed Next Steps

The President proposes that, pending the Court's resolution of the President's anticipated motion for certification pursuant to 28 U.S.C. § 1292(b), the Court stay discovery and direct that the parties continue to negotiate on the possibility of resolving this matter on stipulated facts. The discovery sought by Plaintiff will raise sensitive issues of executive privilege and constitutional separation of powers because it will necessarily be targeted at the head of the Executive branch and his motivations for taking discretionary actions. The Supreme Court has specifically held that courts should avoid these difficult issues, if at all possible:

> [o]nce executive privilege is asserted, coequal branches of the Government are set on a collision course. The Judiciary is forced into the difficult task of balancing the need for information in a judicial proceeding and the Executive's Article II prerogatives. This inquiry places courts in the awkward position of evaluating the Executive's claims of confidentiality and autonomy, and pushes to the fore difficult questions of separation of powers and checks and balances. These occasions for constitutional confrontation between the two branches should be avoided whenever possible.

*Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 389-90 (2004); *see also id.* at 391-92 ("Special considerations applicable to the President . . . suggest that the courts should be sensitive to requests by the Government for interlocutory appeals . . . .").

The President believes that the appropriate course of action in these circumstances is for the Court to certify for interlocutory appeal its decision denying the President's motion to dismiss. However, while discovery would not be appropriate during the Court's consideration of the President's anticipated certification motion—because discovery during that time would largely defeat the purpose of certification under § 1292(b)—continued negotiations on the scope of any potential stipulations would be an appropriate use of that time, and the President is willing to continue those discussions in good faith.

The parties and their counsel thank the Court for its consideration of this submission.

Respectfully submitted,

Kristy Parker
THE PROTECT DEMOCRACY PROJECT, INC.
2020 Pennsylvania Avenue., NW, #163
Washington, DC 20006
(202) 579-4582

|     |                                       |
| --- | ------------------------------------- |
|     | GEOFFREY S. BERMAN                    |
|     | United States Attorney                |
| By: | /s/ Steven J. Kochevar                |
|     | Steven J. Kochevar                    |
|     | Assistant United States Attorney      |
|     | 86 Chambers Street, 3rd Floor         |
|     | New York, NY 10007                    |
|     | Telephone: (212) 637-2715             |
|     | Fax: (212) 637-2717                   |
|     | Email: steven.kochevar@usdoj.gov      |

Cc (by ECF): Counsel of Record