GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: STEVEN J. KOCHEVAR
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2715
Fax: (212) 637-2717
steven.kochevar@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEN AMERICAN CENTER, INC.,<br><br>                          Plaintiff,<br><br>              v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>                          Defendant. | 18 Civ. 9433 (LGS)<br><br>**ANSWER** |

Defendant Donald J. Trump, in his official capacity as President of the United States, by his attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby answers the Amended Complaint, ECF No. 38, (the "Complaint") of Plaintiff PEN American Center, Inc., on information and belief as follows:

1.      Paragraph 1 of the Complaint consists of Plaintiff's characterization of this action and legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2.      Denies the allegations of Paragraph 2 of the Complaint.

3.      The allegations in the first sentence of Paragraph 3 purport to allege facts that have no bearing on this action, and on that basis they are neither admitted nor denied. Defendant denies the remainder of Paragraph 3, except that Defendant lacks knowledge or information

sufficient to form a belief as to the truth or falsity of allegations concerning an alleged study by the Committee to Protect Journalists.

4.     The first sentence of Paragraph 4 consists of a characterization of this action, to which no response is required. Paragraph 4 otherwise consists in part of allegations related to claims that the Court has dismissed, and to which no response is required. Defendant denies the remaining allegations of Paragraph 4, except neither admits nor denies the allegations concerning the revocation of security clearances because plaintiff may not be entitled to disclosure of the status of non-parties' security clearances pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a, and except that Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiff's membership.

5.     Paragraph 5 consists of a characterization of this action or purports to allege facts that have no bearing on this action, and on these bases the allegations of Paragraph 6 are neither admitted nor denied, except that Defendant denies that he violated the First Amendment.

6.     Paragraph 6 purports to allege facts that have no bearing on this action or states legal conclusions, and on these bases the allegations of Paragraph 6 are neither admitted nor denied.

7.     Paragraph 7 purports to allege facts that have no bearing on this action or states legal conclusions, and on these bases the allegations of Paragraph 7 are neither admitted nor denied.

8.     Paragraph 8 purports to allege facts that have no bearing on this action or states legal conclusions, and on these bases the allegations of Paragraph 8 are neither admitted nor denied.

9.     Paragraph 9 purports to allege facts that have no bearing on this action or states legal conclusions, and on these bases the allegations of Paragraph 9 are neither admitted nor

denied, except that Defendant denies knowledge or information sufficient to form a belief as to truth or falsity of the allegation that journalists have been chilled by his actions.

10.     Paragraph 10 purports to allege facts that have no bearing on this action or states legal conclusions, and on these bases the allegations of Paragraph 10 are neither admitted nor denied.

11.     Paragraph 11 purports to allege facts that have no bearing on this action or states legal conclusions, and on these bases the allegations of Paragraph 11 are neither admitted nor denied.

12.     Paragraph 12 purports to allege facts that have no bearing on this action and on this basis the allegations of Paragraph 12 are neither admitted nor denied.

13.     The allegations of Paragraph 13 purport to allege facts that have no bearing on this action, states legal conclusions, or contains indeterminate terms such as "contempt," "crows," "confession," and "innumerable," and on these bases the allegations of Paragraph 13 are neither admitted nor denied.  To the extent a response is deemed required to the allegations of Paragraph 13, denied.

14.     Paragraph 14 states legal conclusions, to which no response is required. To the extent a response is required, Defendant denies that he violated the First Amendment.

15.     Paragraph 15 states legal conclusions, to which no response is required. To the extent a response is required, Defendant denies that he violated the First Amendment.

16.     Paragraph 16 states legal conclusions, to which no response is required. To the extent a response is required, Defendant denies that he violated the First Amendment.

17.     Paragraph 17 states legal conclusions, to which no response is required. To the extent a response is required, Defendant denies that he violated the First Amendment.

18.     Paragraph 18 states legal conclusions, to which no response is required. To the extent a response is required, Defendant denies that he violated the First Amendment.

19.     Paragraph 19 states legal conclusions, to which no response is required, except that Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that journalists have been chilled by his actions or that Plaintiff has received any less speech from "investigative journalists, writers and commentators who operate free from the President's efforts to chill and intimidate." To the extent a further response is required, denied.

20.     Paragraph 20 purports to allege facts that have no bearing on this action or states legal conclusions, and on these bases the allegations of Paragraph 20 are neither admitted nor denied.

21.     Paragraph 21 contains Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any relief.

22.     Paragraph 22 of the Complaint sets forth legal conclusions regarding jurisdiction, to which no response is required.

23.     Paragraph 23 of the Complaint sets forth legal conclusions regarding venue, to which no response is required.

24.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24, and they are therefore denied.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25, and they are therefore denied.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26, and they are therefore denied.

27.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27, and they are therefore denied.

28.     Admits the allegations of Paragraph 28.

29.     The first sentence of Paragraph 29 consists of a legal conclusion, to which no response is required. Paragraph 29 otherwise consists in part of allegations related to claims that the Court has dismissed, and to which no response is required. Defendant denies the remaining allegations of Paragraph 29, except neither admits nor denies the allegation concerning the revocation of security clearances because plaintiff may not be entitled to disclosure of the status of non-parties' security clearances pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a.

30.     Denies the allegations set forth in Paragraph 30.

31.     Paragraph 31 purports to allege facts that have no bearing on this action and on this basis the allegations of Paragraph 31 are neither admitted nor denied.

32.     Denies the allegations set forth in Paragraph 32.

33.     Denies the allegations set forth in Paragraph 33.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 34, and they are therefore denied.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 35, and they are therefore denied.

36.     Admits that Defendant tweeted the statement alleged in Paragraph 36 on May 9, 2018, but denies Plaintiff's characterization of the statement and respectfully refers the Court to the statement itself for a complete and accurate statement of its contents.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 37, and they are therefore denied. Denies the allegations in the second sentence of Paragraph 37.

38.      Admits the allegations set forth in Paragraph 38, and respectfully refers the Court to video or written records of the incidents to which the allegations of Paragraph 38 refer and to the statements contained therein for a complete and accurate statement of their contents. .

39.      Admits the allegations in the first sentence of Paragraph 39. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 39, and they are therefore denied.

40.      Denies the allegations of Paragraph 40, and respectfully refers the Court to the video of the incident to which the allegations of Paragraph 40 refer and the statements issued by the White House relating to that incident.

41.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and they are therefore denied, except admits that Defendant made the alleged statements concerning April Ryan on November 9, 2018.

42.      Admits the allegations of Paragraph 42.

43.      Denies the allegations of Paragraph 43.

44.      Admits the allegations of Paragraph 44.

45.      Admits the allegations of Paragraph 45, and respectfully refers the Court to the November 19, 2018 electronic mail of then-Press Secretary Sarah Huckabee Sanders for a complete and accurate statement of its contents.

46.      Admits the allegations of Paragraph 46, and respectfully refers the Court to the November 19, 2018 electronic mail of then-Press Secretary Sarah Huckabee Sanders for a complete and accurate statement of its contents.

47.      Admits the allegations of Paragraph 47, and respectfully refers the Court to the November 19, 2018 electronic mail of then-Press Secretary Sarah Huckabee Sanders for a complete and accurate statement of its contents.

48.     Denies the allegations of Paragraph 48.

49.     Admits the allegations of Paragraph 49, and respectfully refers to the transcript of the July 23, 2018, White House press briefing for a complete and accurate statement of its contents.

50.     Defendant is unable to admit or deny the allegations of Paragraph 50 because the meaning of the words "traditionally," "typically," and "usually" as used in Paragraph 50 are indeterminate. To the extent a response is required, Defendant admits that sometimes, under certain circumstances, government officials may retain security clearances after leaving office, that security clearances may be revoked for cause, and that an agency may initiate the process of revoking a security clearance.  To the extent a response is deemed required to any further allegations contained in Paragraph 50, they are denied.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51, and they are therefore denied.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 52, and they are therefore denied.

53.     Neither admits nor denies the allegations in the first sentence of Paragraph 53 because plaintiff may not be entitled to disclosure of the status of a non-party individual's security clearance pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a. The second sentence of Paragraph 53 purports to allege facts that have no bearing on this action, and on this basis the allegations of Paragraph 10 are neither admitted nor denied. To the extent a response is required to the second sentence of Paragraph 53, Defendant lacks knowledge or information sufficient form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 53, and they are therefore denied.

54.     Neither admits nor denies the allegations in Paragraph 54 concerning the revocation of a non-party's security clearance because plaintiff may not be entitled to disclosure of the status of a non-party individual's security clearance pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a. Denies any remaining allegations in Paragraph 54.

55.     No response is required to the allegations in Paragraph 55 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

56.     No response is required to the allegations in Paragraph 56 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

57.     No response is required to the allegations in Paragraph 57 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

58.     No response is required to the allegations in Paragraph 58 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

59.     No response is required to the allegations in Paragraph 59 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

60.     No response is required to the allegations in Paragraph 60 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

61.     No response is required to the allegations in Paragraph 61 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

62.     No response is required to the allegations in Paragraph 62 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

63.     No response is required to the allegations in Paragraph 63 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

64.     No response is required to the allegations in Paragraph 64 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

65.     No response is required to the allegations in Paragraph 65 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

66.     No response is required to the allegations in Paragraph 66 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

67.     No response is required to the allegations in Paragraph 67 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

68.     No response is required to the allegations in Paragraph 68 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

69.     No response is required to the allegations in Paragraph 69 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

70.     No response is required to the allegations in Paragraph 70 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

71.     No response is required to the allegations in Paragraph 71 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

72.     No response is required to the allegations in Paragraph 72 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

73.     No response is required to the allegations in Paragraph 73 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

74.     No response is required to the allegations in Paragraph 74 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

75.     No response is required to the allegations in Paragraph 75 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

76.     No response is required to the allegations in Paragraph 76 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

77.     No response is required to the allegations in Paragraph 77 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

78.     No response is required to the allegations in Paragraph 78 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

79.     No response is required to the allegations in Paragraph 79 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

80.     No response is required to the allegations in Paragraph 80 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

81.     No response is required to the allegations in Paragraph 81 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

82.     No response is required to the allegations in Paragraph 82 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

83.     No response is required to the allegations in Paragraph 83 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

84.     No response is required to the allegations in Paragraph 84 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

85.     No response is required to the allegations in Paragraph 85 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

86.     No response is required to the allegations in Paragraph 86 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

87.     No response is required to the allegations in Paragraph 87 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

88.     No response is required to the allegations in Paragraph 88 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

89.     No response is required to the allegations in Paragraph 89 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

90.     No response is required to the allegations in Paragraph 90 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

91.     No response is required to the allegations in Paragraph 91 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

92.     No response is required to the allegations in Paragraph 92 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

93.     Paragraph 93 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 93.

94.     Paragraph 94 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 94.

95.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 95, and they are therefore denied.

96.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 96, and they are therefore denied.

97.     Paragraph 97 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 97, and they are therefore denied.

98.     Paragraph 98 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 98.

99.     Paragraph 99 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 99, and they are therefore denied.

100.     Paragraph 100 contains legal conclusions, to which no response is required. To the extent a response is required to any remaining allegations in Paragraph 100, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 100 and they are therefore denied, except that Defendant denies that his interactions with the press have violated the First Amendment and except Defendant neither admits nor denies the allegation concerning holders of security clearances because plaintiff may not be entitled to disclosure of the status of non-parties' security clearances pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a.

101.    Paragraph 101 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 101.

102.    Paragraph 102 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 102 and they are therefore denied, except that Defendant denies that his interactions with the press have violated the First Amendment.

103.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 103, and they are therefore denied.

104.    Paragraph 104 purports to allege facts that have no bearing on this action, states legal conclusions and contains allegations pertaining to a theory of standing the Court rejected, *see* Opinion & Order dated March 24, 2020 at 18-19, ECF 76, and on these bases the allegations in Paragraph 104 are neither admitted nor denied. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 104, and they are therefore denied.

105.    Paragraph 105 purports to allege facts that have no bearing on this action, states legal conclusions, and contains allegations pertaining to a theory of standing the Court rejected, *see* Opinion & Order dated March 24, 2020 at 18-19, ECF 76, and on these bases the allegations in Paragraph 105 are neither admitted nor denied. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 105, and they are therefore denied.

106.    Paragraph 106 purports to allege facts that have no bearing on this action, states legal conclusions, and contains allegations pertaining to a theory of standing the Court rejected, *see* Opinion & Order dated March 24, 2020 at 18-19, ECF 76, and on these bases the allegations

in Paragraph 106 are neither admitted nor denied. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 106, and they are therefore denied.

107.    Paragraph 107 purports to allege facts that have no bearing on this action, states legal conclusions, and contains allegations pertaining to a theory of standing the Court rejected, *see* Opinion & Order dated March 24, 2020 at 18-19, ECF 76, and on these bases the allegations in Paragraph 107 are neither admitted nor denied. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 107, and they are therefore denied.

108.    Paragraph 108 purports to allege facts that have no bearing on this action, states legal conclusions, and contains allegations pertaining to a theory of standing the Court rejected, *see* Opinion & Order dated March 24, 2020 at 18-19, ECF 76, and on these bases the allegations in Paragraph 108 are neither admitted nor denied. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 108, and they are therefore denied.

109.    Paragraph 109 purports to allege facts that have no bearing on this action, states legal conclusions, and contains allegations pertaining to a theory of standing the Court rejected, *see* Opinion & Order dated March 24, 2020 at 18-19, ECF 76, and on these bases the allegations in Paragraph 109 are neither admitted nor denied. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 109, and they are therefore denied.

110.    Paragraph 110 purports to allege facts that have no bearing on this action, states legal conclusions, and contains allegations pertaining to a theory of standing the Court rejected, *see* Opinion & Order dated March 24, 2020 at 18-19, ECF 76, and on these bases the allegations

in Paragraph 110 are neither admitted nor denied. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 110, and they are therefore denied.

111.    Paragraph 111 purports to allege facts that have no bearing on this action, states legal conclusions, and contains allegations pertaining to a theory of standing the Court rejected, *see* Opinion & Order dated March 24, 2020 at 18-19, ECF 76, and on these bases the allegations in Paragraph 111 are neither admitted nor denied. To the extent a further response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 111, and they are therefore denied.

112.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 112 and they are therefore denied, except that the third sentence of Paragraph 112 contains a legal conclusion, to which no response is required.

113.    Paragraph 113 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations, except neither admits nor denies the allegations concerning the revocation of security clearances because plaintiff may not be entitled to disclosure of the status of non-parties' security clearances pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a.

114.    No response is required to the allegations in Paragraph 114 of the Complaint because the allegations pertain to claims dismissed by the Court in its Opinion & Order dated March 24, 2020. *See* ECF No. 76.

115.    Defendant realleges and incorporates his answers to Paragraphs 1 through 114 as though fully set forth herein.

116.    Paragraph 116 of the Complaint consists of legal conclusions, to which no response is required.

16

117.    Paragraph 117 consists in part of allegations related to claims that the Court has dismissed, and to which no response is required. Defendant denies the remaining allegations of Paragraph 117, except to the extent they state legal conclusions, to which no response is required, and except that Defendant neither admits nor denies the allegations concerning the revocation of security clearances because plaintiff may not be entitled to disclosure of the status of non-parties' security clearances pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a.

118.    Paragraph 118 consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 118.

119.    Paragraph 119 consists of a legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 119.

120.    Paragraph 120 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 120.

121.    Paragraph 121 consists of a legal conclusion, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of Paragraph 121.

122.    Paragraph 122 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 122.

123.    Paragraph 123 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 123.

124.    Defendant realleges and incorporates his answers to Paragraphs 1 through 123 as though fully set forth herein.

125.    Paragraph 125 consists of legal conclusions, to which no response is required.

126.    Paragraph 126 consists of legal conclusions, to which no response is required.

127.    Paragraph 127 consists of legal conclusions, to which no response is required.

128.    Paragraph 128 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 128.

129.    Paragraph 129 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 129, except admits that Defendant expects officers implementing policy in the current Presidential Administration to follow Presidential directives.

130.    Paragraph 130 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 130.

131.    Defendant realleges and incorporates his answers to Paragraphs 1 through 130 as though fully set forth herein.

132.    Paragraph 132 consists of legal conclusions, to which no response is required.

133.    Paragraph 133 consists of legal conclusions, to which no response is required.

134.    Paragraph 134 consists of legal conclusions, to which no response is required. To the extent a response is required to any remaining allegations in Paragraph 134, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning sources on which Plaintiff or its members rely.

135.    Paragraph 135 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 135.

136.    Paragraph 136 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 136.

The remainder of the Complaint, consisting of Paragraphs 1 through 3, sets forth Plaintiff's requested relief, to which no response is required.  To the extent a response is required, Defendant denies that this Court has jurisdiction to grant the relief sought, and denies that Plaintiff is entitled to any relief.

18

\*     \*     \*

## DEFENSES

### FIRST DEFENSE

The Court lacks jurisdiction over this action.

### SECOND DEFENSE

The Court lacks jurisdiction to enter the relief sought by Plaintiff against the President.

### THIRD DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Defendant has not violated the First Amendment in his interactions with the press.

### FIFTH DEFENSE

Defendant has not violated the First Amendment in his interactions with holders of security clearances.

### SIXTH DEFENSE

The Declaratory Judgment Act, 28 U.S.C. § 2201, does not extend to relief against the President.

### SEVENTH DEFENSE

Portions of Plaintiff's Complaint, including its request for injunctive relief, have been dismissed. *See* Opinion & Order dated March 24, 2020, ECF No. 76.

\*     \*     \*

Defendant may have additional defenses that are presently unknown but may be ascertained at a later time. Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

19

WHEREFORE, Defendant respectfully requests that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of Defendant; and (3) grant such further relief as the Court deems just and proper.

Date:   New York, New York
        May 19, 2020

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

By:   _/s/ Steven J. Kochevar_____
STEVEN J. KOCHEVAR
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2715
Fax: (212) 637-2717
steven.kochevar@usdoj.gov