

May 26, 2020

**By ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *PEN American v. Trump*, 18 Civ. 9433 (LGS)

Dear Judge Schofield:

Defendant's May 18 letter (ECF No. 89) fails to advance any argument that satisfies the Second Circuit's test for certifying an interlocutory appeal under 28 U.S.C. § 1292(b). The letter purports to raise four controlling and unsettled questions of law. In fact, the first question does not raise a "substantial ground for difference of opinion," while the second ignores the actual basis for this Court's ruling. Neither provides a proper basis for appeal. The third and fourth questions were never even raised as grounds for dismissal and cannot properly be the basis of an interlocutory appeal. Accordingly, the Court should deny Defendant's request to file a motion for certification (and the accompanying stay request) and allow this case to proceed forthwith.

    **I.**    **Standard of Review**

Section 1292(b) appeals are "a rare exception to the final judgment rule that generally prohibits piecemeal appeals," *Koehler v. Bank of Bermuda*, 101 F.3d 863, 865 (2d Cir. 1996), and are "especially rare in the early stages of litigation," *see In re Facebook, Inc.*, 986 F. Supp. 2d 524, 533 (S.D.N.Y. 2014). The Second Circuit urges district courts to "exercise great care in making a § 1292(b) certification," *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir. 1992), and ensure that Section 1292(b) "be strictly construed," *Wasau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001). The necessary prerequisites for a section 1292(b) order are found in the statute, as quoted by Defendant, but "even where the three legislative criteria of section 1292(b) appear to be met," a district court retains "unfettered discretion to deny certification of an order for interlocutory appeal." *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 162 (E.D.N.Y. 1999).

    **II.**    **Question 1**

The first question of law Defendant claims to merit interlocutory appeal is "whether the President is subject to suit for a declaratory judgment regarding the legality of non-ministerial



actions that he has taken in his official capacity." This question is unsuitable for interlocutory appeal because there is not "substantial ground for difference of opinion" regarding its answer.

As this Court recognized in its order on the motion to dismiss ("Order" (ECF No. 76)), the Second Circuit recently affirmed entry of a declaratory judgment against President Trump for a First Amendment violation, *see* Order at 22 (citing *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 928 F.3d 226, 233-34 & n.3 (2d Cir. 2019), *en banc rehearing denied*, 953 F.3d 216 (2d Cir. 2020))—confirming precisely the jurisdiction that Defendant seeks leave to challenge on appeal. Although one Supreme Court Justice has suggested that the Court "cannot issue a declaratory judgment against the President," *Franklin v. Massachusetts*, 505 U.S. 788, 827 (1992) (Scalia, J., concurring in part and in the judgment), to Plaintiff's knowledge, no court has adopted this view in the nearly 30 years since *Franklin* was decided.

Defendant's citation to *Newdow v. Roberts*, 603 F.3d 1002, 1012–13 (D.C. Cir. 2010), in his letter does not change the analysis. As an initial matter, it is improper for Defendant to raise this case on a Section 1292(b) motion without having cited it in his motion to dismiss. (Defendant relied only on Justice Scalia's *Franklin* concurrence in his motion to dismiss briefing.) As a substantive matter, a citation to dictum by a single justice does not demonstrate substantial disagreement on a legal question. Moreover, although the court in *Newdow* cited Justice Scalia's *Franklin* concurrence to suggest that "courts . . . have never submitted the President to declaratory relief," that statement, too, is dictum: the President was not a defendant in *Newdow*, *id.* at 1013, so the question was not before the court. Despite Justice Scalia's concurrence, courts have in fact "submitted the President to declaratory relief" (as in *Knight First Amendment Institute*), and no court has ever held that federal courts are powerless to do so. Defendant has therefore not demonstrated any "substantial ground for difference of opinion" regarding this question.

### III.     Question 2

The second question Defendant argues warrants interlocutory review is "whether, as a matter of law, generalized allegations of a chilling effect on the speech of third parties are sufficient to support organizational and associational standing for a First Amendment claim." This misstates the Court's holding and fails to identify a "controlling question of law" about which there is substantial ground for disagreement.

This Court's decision on standing was *not* based on "generalized allegations of a chilling effect." Rather, the Court ruled that Plaintiff sufficiently pled associational standing for the Press Corps Claim on the basis of specific allegations of First Amendment injuries to Jim Acosta, a "named member" of Plaintiff. *See* Order at 10–13 (citing numerous "speech injuries * * * particular to Mr. Acosta"). And the Court ruled that Plaintiff sufficiently pled organizational standing for the Security Clearance Claim on the basis of allegations of specific threats (in one case, acted upon) against six specific former government officials, each of whom is a source of information for Plaintiff. *See id.* at 16–17 & n.3. This Court found sufficient Plaintiff's allegations concerning specific individuals, not "generalized allegations of a chilling effect."



Regardless of whether the named individuals' speech was actually chilled, there is no "substantial ground for difference of opinion" on the fact that Plaintiff's allegations are sufficient to establish standing. Under controlling Second Circuit law, a plaintiff need not allege that a specific speaker's speech was subjectively chilled; rather, a chilling injury can be "established through 'objective evidence' that 'challenged conduct has deterred [a speaker] from engaging in protected activity." *See* Order at 12 (citing and quoting *Bordell v. Gen. Elec. Co.*, 922 F.2d 1057, 1061 (2d Cir. 1991)). For standing purposes, it was enough to have alleged, as Plaintiff did, threats and retaliation carried out by Defendant that objectively would chill the speech of any normal member of the White House press corps (or former government official).  This is not a controversial point of law.

### IV.     Questions 3 and 4

Defendant's third and fourth questions are also not proper grounds for interlocutory appeal. The Defendant has not identified a substantial ground for difference of opinion with respect to the third question, and Defendant mischaracterizes the Court's holding with respect to the fourth; but more significantly, both of those questions encompass novel arguments never before raised by Defendant or addressed by the Court. Though Defendant argued in his motion to dismiss that Plaintiff failed to state a plausible First Amendment claim, the arguments framed by questions 3 and 4 are nowhere to be found in Defendant's motion papers. *See* MTD Br. at 22–25; Reply Br. at 9–10. The Court did not rule on either of these questions, and an order that does not rule on a legal question cannot logically "involv[e]" that question of law for purposes of Section 1292(b). These two questions thus cannot properly serve as a basis for interlocutory review. *Cf. In re Nortel Networks Corp. Securities Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.") (internal alterations and quotation marks omitted).

### V.     The Court Should Not Stay Discovery

Given the exceptionally weak grounds Defendant advances for seeking interlocutory appeal—two of which are new arguments not raised in the motion to dismiss briefing—the Court does not need further briefing and should deny the request to file a formal Section 1292(b) motion. If the Court permits Defendant to file a motion, it should deny Defendant's request to stay discovery for all the reasons stated by Plaintiff, both here and in the Joint Status Letter filed on May 19.



                Respectfully submitted,

By: /s/ Kristy Parker
    Kristy Parker
    THE PROTECT DEMOCRACY PROJECT, INC.
    2020 Pennsylvania Avenue., NW, #163
    Washington, DC 20006
    (202) 579-4582

<u>Cc (by ECF):</u> Counsel of Record