

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 1, 2020

**By ECF**
The Honorable Lorna G. Schofield
United States District Judge
40 Foley Square
New York, NY 10007

    Re:    *PEN American v. Trump*, 18 Civ. 9433 (LGS)

Dear Judge Schofield:

    This Office represents defendant President Donald J. Trump in this First Amendment action brought by plaintiff PEN American Center, Inc. ("PEN American"). I write respectfully to respond to plaintiff's May 29, 2020, letter seeking leave to serve discovery requests notwithstanding that the action is now stayed. The Court should deny plaintiff's request as contrary to *Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367 (2004), and as an unnecessary alteration to the schedule already set by the Court in this case. Rather than invite a potentially needless constitutional confrontation over the scope of any discovery, the proper course is to certify for interlocutory appeal the Court's decision denying in part the President's motion to dismiss.

    **I.**    **Background**

    Plaintiff, on behalf of itself and its members, initiated the present action against the President in his official capacity, alleging that the President violated the First Amendment by suppressing media free speech through threats and retaliation. On March 24, 2020, the Court granted in part and denied in part the President's motion to dismiss. *See* March 24, 2020, Opinion and Order, ECF No. 76 (the "March 24 Opinion"). On April 16, 2020, the Court stayed discovery and directed the parties to negotiate on whether plaintiff's claims could be resolved on cross-motions for summary judgment on stipulated facts, or through a negotiated settlement. *See* April 16, 2020, Order, ECF No. 84. On May 18, 2020, pursuant to the Court's Individual Rules of Practice, the President sought leave to file a motion to certify the March 24 Opinion and to stay discovery. *See* Letter Motion, ECF No. 89. On May 26, 2020, plaintiff responded, opposing the President's request. *See* Letter Response, ECF No. 94. On May 27, 2020, the Court granted the President leave to file his motion to certify and stay discovery, set a briefing schedule and a date for oral argument, and left the stay of discovery in place. *See* Order dated May 27, 2020, ECF No. 95. On May 29, 2020, plaintiff sought leave to serve discovery requests immediately. *See* Letter, ECF No. 96 ("Plaintiff's Discovery Letter").

### II.     The Court Should Deny Plaintiff's Improper Request

Plaintiff's request should be denied because it is contrary to the Supreme Court's express command in *Cheney* that courts avoid the "constitutional confrontation" created by an assertion of executive privilege "whenever possible." *Cheney*, 542 U.S. at 389-90. The Supreme Court was clear that a court should not wait for the Executive to actually assert privilege before taking steps to avoid constitutional confrontations:

> Executive privilege is an extraordinary assertion of power not to be lightly invoked. Once executive privilege is asserted, coequal branches of the Government are set on a collision course. The Judiciary is forced into the difficult task of balancing the need for information in a judicial proceeding and the Executive's Article II prerogatives. This inquiry places courts in the awkward position of evaluating the Executive's claims of confidentiality and autonomy, and pushes to the fore difficult questions of separation of powers and checks and balances. These occasions for constitutional confrontation between the two branches should be avoided whenever possible.

*Id.* (citations, internal quotation marks, and brackets omitted). Instead of seeking to avoid constitutional confrontations, plaintiff asks this Court to unnecessarily accelerate a collision between coequal branches of Government. While plaintiff is well aware of *Cheney*—the President has repeatedly cited *Cheney* in joint letters submitted to the Court, *see* ECF Nos. 80, 91—plaintiff's present request ignores *Cheney* entirely and offers no basis to depart from the Supreme Court's direct command, except for plaintiff's desire to "expedite" what would be contentious discovery in this case. *See* Plaintiff's Discovery Letter at 1. But expediting constitutional confrontations is precisely what *Cheney* instructs this Court to avoid "whenever possible." *Cheney*, 542 U.S. at 390.

Plaintiff's request not only is flatly contrary to *Cheney*, but also runs counter to a long line of Supreme Court decisions holding that the President is not an ordinary defendant in civil litigation. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("The high respect that is owed to the office of the Chief Executive . . . is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery."); *Cheney*, 542 U.S. at 385 ("[T]he Executive's 'constitutional responsibilities and status are factors counseling judicial deference and restraint' in the conduct of litigation against it." (quoting *Nixon v. Fitzgerald*, 457 U.S. 731, 753 (1982)); *id.* ("'[I]n no case would a court be required to proceed against the president as against an ordinary individual'" (alterations omitted) (quoting *United States v. Burr*, 25 F. Cas. 187, 192 (No. 14,694) (CC Va. 1807) (Marshall, C.J.))). Indeed, "special considerations control when the Executive Branch's interests in maintaining the autonomy of its office and safeguarding the confidentiality of its communications are implicated." *Id.* at 385. These special considerations weigh heavily against granting plaintiff's request.

The President, consistent with the Supreme Court's direction in *Cheney*, has proposed a method for the Court to avoid constitutional confrontations by requesting that the Court certify for interlocutory appeal its decision partially denying the President's motion to dismiss pursuant to 28 U.S.C. § 1292(b). One purpose of the President's request—consistent with the purpose of § 1292(b)—is to avoid precisely the "protracted litigation" plaintiff now seeks to expedite. *See Koehler v. Bank of Bermuda*, 101 F.3d 863, 865-66 (2d Cir. 1996) ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation."). Indeed, plaintiff's present request demonstrates why certification is appropriate in this case: plaintiff appears eager to launch contentious, active district court litigation, evidently believing that this litigation will be so protracted the Court should revisit its prior—and entirely appropriate—scheduling decisions. Thus, the Court should not deviate from the course it has set by staying discovery, and should certify the March 24 Opinion to possibly avoid altogether both the protracted litigation plaintiff evidently foresees, and the inter-branch tensions against which *Cheney* warns.

We thank the Court for its consideration of this submission.

                                                  Respectfully submitted,
                                                  GEOFFREY S. BERMAN
                                                  United States Attorney

By:    /s/ *Steven J. Kochevar*
                                                  Steven J. Kochevar
                                                  Assistant United States Attorney
                                                  86 Chambers Street, Third Floor
                                                  New York, NY 10007
                                                  Telephone: (212) 637-2715
                                                  Fax: (212) 637-2717
                                                  Email: steven.kochevar@usdoj.gov

<u>Cc (By ECF)</u>: Counsel of Record