

May 29, 2020

**By ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

By **June 4, 2020**, Defendant shall file a letter, not to exceed one page, responding to this application. So Ordered.

Dated: June 1, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *PEN American v. Trump*, 18 Civ. 9433 (LGS)

Dear Judge Schofield:

    By this letter, Plaintiff seeks leave to serve targeted discovery requests on Defendant to expedite the resolution of discovery disputes and the completion of the discovery process in this matter.

    Discovery is currently stayed pending the resolution of Defendant's motion for interlocutory appeal and to stay discovery, which will not be resolved until at least July. Defendant has informed Plaintiff and the Court that he will take the position that no discovery is appropriate in this case on separation of powers grounds, and that communications about the government's reasons for its retaliatory acts are shielded from disclosure by executive privilege. (*See* Documents 80 and 91.) While Plaintiff does not agree with Defendant's broad objections to discovery, they will have to be addressed by the parties and resolved by this Court in the context of specific requests rather than in the abstract. Allowing the Plaintiff to serve targeted discovery requests now will enable the Defendant to raise his specific objections and allow the parties to proceed to briefing those objections promptly should the Court deny Defendant's motion, as the 30-day response time will coincide with the briefing schedule on the pending motion. This approach will not substantially burden the Defendant, who will not be forced to produce documents or substantive responses to the requests until any objections are resolved. On the other hand, it will expedite by two months or more the process of bringing discovery disputes before the Court.  Of course, if the Court ultimately grants Defendant's motion to stay discovery, there will be no further action on Plaintiff's requests.

    At the same time, the parties can continue to negotiate possible stipulations on a parallel track. This approach will also promote efficiency, given Defendant's current position that he will not agree to any stipulations addressing the reasons for his challenged actions, which makes it highly unlikely the parties will be able to agree on stipulations that could permit a fair summary judgment proceeding on the First Amendment retaliation claims without any discovery.

    For the reasons stated, Plaintiff requests leave to serve its initial targeted discovery requests.

The Protect Democracy Project
2020 Pennsylvania Ave NW #163
Washington, DC 20006



                Respectfully submitted,

        By: /s/ Kristy Parker
                Kristy Parker
                THE PROTECT DEMOCRACY PROJECT, INC.
                2020 Pennsylvania Avenue., NW, #163
                Washington, DC 20006
                (202) 579-4582

<u>Cc (by ECF):</u> Counsel of Record