UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
:
PEN AMERICAN CENTER, INC.,                    :
                                    Plaintiff,    :          18 Civ. 9433 (LGS)
                                                  :
                      -against-                   :                ORDER
                                                  :
DONALD J. TRUMP, *in his official capacity as*    :
*President of the United States*,                 :
                                    Defendant.    :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on April 16, 2020, the Court stayed discovery "at least until May 19, 2020,"

and directed the parties to negotiate on whether Plaintiff's claims could be resolved on cross-

motions for summary judgment on stipulated facts, or through a negotiated settlement (Dkt. No.

84);

WHEREAS, on May 18, 2020, Defendant filed a letter proposing a motion for

certification for interlocutory appeal and to stay discovery in this action "pending the Court's

resolution of the [] certification motion and a resolution by the United States Court of Appeals

for the Second Circuit of the [] petition for an interlocutory appeal and, if the petition is granted,

pending final resolution of the interlocutory appeal." (Dkt. No. 89).  On May 26, 2020, Plaintiff

filed a letter response (Dkt. No. 93);

WHEREAS, on May 27, 2020, Defendant was granted leave to file his motion to certify

and stay discovery, and the parties were encouraged to continue their negotiations (Dkt. No. 95);

WHEREAS, on May 29, 2020, Plaintiff filed a letter requesting to serve targeted

discovery requests pending resolution of Defendant's motion for interlocutory appeal and to stay

discovery (Dkt. No. 96).  On the same day, Defendant filed a letter opposing the request (Dkt.

No. 97);

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, "a court has discretion to stay discovery 'for good cause shown.'" *Spencer Trask Software and Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (quoting Fed. R. Civ. P. 26(c)).  "Federal Rule of Civil Procedure 26(d) also allows the Court to control the sequence and timing of discovery, particularly where resolution of a preliminary matter may decide the entire case."  *Roper v. City of New York*, 15 Civ. 8899, 2017 WL 462270, at *1 (S.D.N.Y. Jan. 25, 2017).  In determining whether to grant a stay of discovery, the Court "must look to the particular circumstances and posture of each case."  *Id*.  As the moving party, Defendant bears the burden of demonstrating good cause under Rule 26(c).  *See id.*  It is hereby

**ORDERED** that, upon review of the parties' letters, good cause exists to continue a stay of discovery pending resolution of Defendant's motion.  The Court finds that an additional month-long delay does not unfairly prejudice Plaintiff.  The Court is, however, mindful that discovery has been stayed from the outset, pending the recently decided motion to dismiss and then while the parties discussed the possibility of stipulated facts.  The parties shall file a revised proposed case management plan and scheduling order by **July 6, 2020**, so that it may be entered expeditiously should Defendant's motion be denied.

Dated: June 2, 2020
     New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE