

June 24, 2020

<u>By ECF</u>

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: *PEN American v. Trump*, 18 Civ. 9433 (LGS)

Dear Judge Schofield:

  Plaintiff writes pursuant to Rule III.C. of the Court's Individual Rules and Procedures for Civil Cases to request a pre-motion conference. As explained below, Plaintiff seeks leave to file a motion for partial summary judgment on its claims that the Defendant unlawfully threatened to take adverse actions against members of the White House press corps and media commentators who hold government security clearances in violation of the First Amendment.

## I. Background

  Following this Court's Order on Defendant's Motion to Dismiss and its Order of April 16, 2020, the parties have discussed whether this case could be resolved on a motion for summary judgment based on stipulated facts. During the course of those negotiations, counsel for Defendant has declined to enter into any "motive" stipulations consistent with Plaintiff's well-pled allegations that Defendant retaliated against certain journalists and media commentators because of their protected speech. Accordingly, Plaintiff cannot proceed to summary judgment based on stipulated facts on its retaliation claims without the opportunity for discovery into Defendant's reasons for his actions. Defendant has, however, insisted that no discovery of any kind is appropriate in this case.

  For the reasons stated below, Plaintiff can advance this case towards resolution by filing a motion for partial summary judgment on its unconstitutional threats claims at this time. These claims do not require proof of Defendant's motive and depend only on statements made and actions taken by Defendant that are in the public domain and cannot reasonably be disputed.

## II. The Court Should Permit Plaintiff to file a Motion for Partial Summary Judgment on Its Threats Claims

  As this Court noted in its Order on Defendant's Motion to Dismiss, two categories of claims involving two categories of press actors remain to be decided: threats and retaliatory acts against members of the White House press corps, and threats and retaliatory acts against media commentators who hold federal government security clearances. The legal standard for proving a



threats claim is an objective one, requiring Plaintiff to show that "the comments of a government official can reasonably be interpreted as intimating that some form of punishment or adverse regulatory action will follow the failure to accede to the official's request." *Hammerhead v. Breznoff*, 707 F.2d 33, 39 (2d Cir. 1983). Plaintiff is not required to show that the threats succeeded in actually chilling speech in order to prevail on its claim. *See, e.g.*, *Backpage.com, LLC v. Dart*, 807 F.3d 229, 231 (7th Cir. 2015) (an unconstitutional threat "is actionable * * * even if it turns out to be empty—the victim ignores it, and the threatener folds his tent"); *see also Okwedy v. Molinari*, 333 F.3d 339, 344 (2d Cir. 2003).

Under this standard, Plaintiff is entitled to judgment as a matter of law in its favor on its claims that Defendant threatened to revoke White House press passes because of his dislike of the content of certain reporters' coverage, and that he threatened to revoke the security clearances of certain media commentators because he disliked what those commentators said about him and his administration.

The Court should permit Plaintiff to file this motion now rather than waiting until the close of discovery for two reasons. First, Defendant's presidency is not certain to continue past January 20, 2021, and it is important for the Court to reach the merits of this claim. A ruling on the constitutional limits of presidential authority to threaten members of the press with official sanctions is important not just for this administration, but for those yet to come. *See* Amended Compl. ¶ 13. Second, and relatedly, Defendant has foreshadowed his intention to resist discovery at every turn. While Plaintiff disagrees that Defendant is above the law and immune from discovery on claims that he abused his power by threatening and retaliating against the press, litigating discovery disputes will take time. Resolving a portion of the case as quickly as possible will serve the interests of justice and will further narrow the issues for the remainder of the litigation.

For these reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to file a motion for partial summary judgment on its unconstitutional threats claims. Plaintiff proposes that the Court enter a briefing schedule consistent with S.D.N.Y. Local Civil Rule 6.1(b).

Respectfully submitted,

By: /s/ *Kristy Parker*
Kristy Parker
THE PROTECT DEMOCRACY PROJECT, INC.
2020 Pennsylvania Avenue, NW, #163
Washington, DC 20006
Phone: (202) 579-4582
kristy.parker@protectdemocracy.org

Cc (by ECF): Counsel of Record