

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

July 2, 2020

**By ECF**
The Honorable Lorna G. Schofield
United States District Judge
40 Foley Square
New York, NY 10007

     Re:    *PEN American v. Trump*, 18 Civ. 9433 (LGS)

Dear Judge Schofield:

    This Office represents defendant President Donald J. Trump in this First Amendment action brought by plaintiff PEN American Center, Inc. ("PEN American"). I write respectfully to respond to plaintiff's June 24, 2020, letter seeking leave to file a motion for partial summary judgment on plaintiff's threats claims. *See* ECF No. 102. The Court should deny plaintiff's request as premature because there are significant factual issues requiring further development, including the degree to which any allegedly threatened individual's speech has been reduced and the extent to which any such reduction has impaired plaintiff's organizational mission.

## I.    Background

    Plaintiff, on behalf of itself and its members, brought this suit against the President in his official capacity, alleging that the President violated the First Amendment by suppressing media free speech through threats and retaliation. On March 24, 2020, the Court granted in part and denied in part the President's motion to dismiss. *See* March 24, 2020, Opinion and Order, ECF No. 76 (the "March 24 Opinion"). The Court concluded, *inter alia*, that plaintiff had organizational standing to proceed because plaintiff had allegedly received less speech from the White House press corps and six former government officials as a result of alleged threats and retaliation by the President. *Id.* at 15-17. The Court also concluded that plaintiff had associational standing because plaintiff's member Jim Acosta had allegedly been chilled and had allegedly received less speech from his White Press corps colleagues. *Id.* at 11.[1]

    On April 16, 2020, the Court stayed discovery and directed the parties to negotiate on whether plaintiff's claims could be resolved on cross-motions for summary judgment on stipulated facts, or through a negotiated settlement. *See* April 16, 2020, Order, ECF No. 84. On May 5, following initial discussions, plaintiff provided the President with written proposed stipulations. On May 18, following an interim discussion, government counsel provided plaintiff with a written counter-proposal. On May 27, 2020, the Court granted the President leave to file a motion to certify and stay discovery, with oral argument set for July 9, 2020. *See* Order dated

---

[1] The President respectfully disagrees with the Court's conclusion that plaintiff's Amended Complaint adequately alleges that the speech of Mr. Acosta, the White House press corps and six former government officials has actually and plausibly been chilled by the President's actions.

Page 2

May 27, 2020, ECF No. 95. On June 17, 2020, in response to a request from plaintiff's counsel, government counsel provided plaintiff's counsel with additional proposed stipulations. On June 24, 2020, plaintiff's counsel informed government counsel that plaintiff would not accept the President's proposed stipulations and submitted its present request to the Court for leave to file a motion for partial summary judgment on plaintiff's claims that the President has threatened members of the White House press corps and former government officials. *See* ECF No. 102.

## II.      The Court Should Deny Plaintiff's Request as Premature

The Court should deny plaintiff's present request as premature because there are significant factual issues in dispute that require further development, including in connection with plaintiff's threats claims.[2] Plaintiff's statements that "[plaintiff's threats] claims . . . depend only on statements made and actions taken by Defendant that are in the public domain and cannot reasonably be disputed" and that it is "not required to show that the threats succeeded in actually chilling speech in order to prevail on its claim" are incorrect. ECF No. 102 at 1, 2. Plaintiff continues to bear the burden of showing that it was actually injured:

> [t]he party invoking federal jurisdiction bears the burden of establishing [the elements of standing, including injury-in-fact]. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, . . . [At the summary judgment stage,] . . . the plaintiff can no longer rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts . . . .

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citations and quotation marks omitted). The Court's March 24, 2020, Opinion and Order, identified the injury-in-fact supporting plaintiff's standing to bring its claims, including its threats claims, as flowing from the allegedly diminished speech of Mr. Acosta, members of the White House Press Corps, and the six former government officials identified in plaintiff's Amended Complaint. Based on publicly available statements and publications, the President believes he has a strong factual basis to dispute that the speech of Mr. Acosta, members of the White House Press Corps, or the six former government officials has been adequately chilled to support plaintiff's standing. For example, it is highly questionable that Mr. Acosta has been chilled at all or that any possible diminution in his speech could have affected plaintiff. It is the government's understanding that Mr. Acosta is frequently present at the White House, and to the extent recently he has been present less frequently, this has been due to the COVID-19 pandemic. As one example of Mr. Acosta's recent reporting, publicly available video from the Cable News Network shows Mr. Acosta reporting on the White House and questioning the President during the COVID-19 pandemic. *See* "Acosta Presses Trump on his predictions of COVID-19 cases," April 28, 2020,

---

[2] The President has made good-faith efforts to resolve this case on cross-motions for summary judgment on stipulated facts and is prepared to continue to do so. However, if plaintiff will not into enter cross-motions on stipulated facts resolving the case without discovery, it will be necessary for the President to take discovery on plaintiff's claims.

cnn.com/videos/politics/2020/04/28/trump-response-to-coronavirus-cases-acosta-pkg-tsr-vpx.cnn. As another example separate from Mr. Acosta, the New York Times recently reported that former government official James Comey's book "A Higher Loyalty: Truth, Lies, and Leadership" has been adapted into a television miniseries, which Mr. Comey has publicly supported airing before the upcoming election. *See* "In Reversal, Trump-Comey Miniseries Will Now Air Before Election Day," June 24, 2020, *available at* https://www.nytimes.com/2020/06/24/business/media/trump-comey-mini-series.html.

To prevail on summary judgment, plaintiff would need to show that it is beyond factual dispute that the speech of individuals such as Mr. Acosta and Mr. Comey has been chilled and, except for Mr. Acosta, that their speech has been so chilled as to harm plaintiff's organizational mission. In light of the apparently vigorous public speech of relevant third parties, including about the government and the President, the President should be given the opportunity to take discovery on these points, including discovery on plaintiff's organizational mission and in what ways it may have been harmed by any claimed reduction in speech.

In addition, although the President intends to take the position that the statements at issue were not threats as a matter of law, the President may argue in the alternative that, as a factual matter, members of the White House press corps and the six former government officials did not interpret the statements at issue as threats. The President should be given the opportunity to develop the factual record on this point before opposing any summary judgment motion, including so that the Court is not burdened by multiple rounds of summary judgment briefing.

We thank the Court for its consideration of this submission.

Respectfully submitted,
AUDREY STRAUSS
Acting United States Attorney

By:    */s/ Steven J. Kochevar*
Steven J. Kochevar
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Telephone: (212) 637-2715
Fax: (212) 637-2717
Email: steven.kochevar@usdoj.gov

Cc (By ECF): Counsel of Record