

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 6, 2020

**By ECF**
The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

     Re:    *PEN American v. Trump*, 18 Civ. 9433 (LGS)

Dear Judge Schofield:

    The parties respectfully submit this joint letter and appended proposed case management plans pursuant to the Court's June 2, 2020 Order. Dkt. No. 99. The parties were unable to reach agreement on a proposed case management plan, primarily for the reasons discussed at page 5 of the parties' April 9, 2020 joint letter. *See* Dkt. No. 80 at 5. The government believes exceptional circumstances warrant a longer discovery period than in a typical case. The government's proposed case management plan is attached here as Exhibit A. Plaintiff believes that discovery should commence immediately and proceed more expeditiously. Plaintiff's proposed case management plan is attached here as Exhibit B.

    The parties and their counsel thank the Court for its consideration of this submission.

               Respectfully submitted,

               Kristy Parker
               THE PROTECT DEMOCRACY PROJECT, INC.
               2020 Pennsylvania Avenue., NW, #163
               Washington, DC 20006
               (202) 579-4582

               AUDREY STRAUSS
               Acting United States Attorney
    By:   */s/ Steven J. Kochevar*
               Steven J. Kochevar
               Assistant United States Attorney
               86 Chambers Street, 3rd Floor
               New York, NY 10007
               Telephone: (212) 637-2715
               Fax: (212) 637-2717
               Email: steven.kochevar@usdoj.gov

Cc (by ECF): Counsel of Record

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                              :

PEN AMERICAN, INC.,                      :
                                              :

                            Plaintiff(s),      :         Civ.18-9433(LGS)
                   -v-                        :
                                              :

                                            :         <u>CIVIL CASE</u>
DONALD J. TRUMP, in his official capacity as      :     <u>MANAGEMENT PLAN</u>
President of the United States,              :      <u>AND SCHEDULING</u>
                    Defendant(s).     :          <u>ORDER</u>
                                              :

------------------------------------------------------------------ X

LORNA G. SCHOFIELD, United States District Judge:

       This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent_____ / do not consent X_____] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2.     The parties [have_____X/ have not_____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

        a.     An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
            [Yes_____/ No X_____]

        b.     A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
            [Yes_____/ No X_____]

        c.     A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
            [Yes_____/ No X_____]

        d.     A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
            [Yes_____/ No X_____]

4.      Alternative Dispute Resolution/Settlement

a.      Settlement discussions [have_____X/ have not_____] taken place.

b.      Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

The parties have not agreed to an exchange of information at this time._____

_____

_____

c.      Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

The government believes that a settlement conference before a Magistrate Judge or participation in the District's Mediation Program would be useful._____

_____

_____

d.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

The government believes that a settlement conference or mediation would be useful now._____

_____

_____

e.      **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.      No additional parties may be joined after 02/06/19 without leave of Court.

6.      Amended pleadings may be filed without leave of Court until 02/06/19.

7.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than _30_____ days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.      Fact Discovery

   a.      All fact discovery shall be completed no later than  03/16/21 . *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

   b.      Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by 08/31/20 .

   c.      Responsive documents shall be produced by 01/29/21 .
            Do the parties anticipate e-discovery?   [Yes_____X/ No_____]

   d.      Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by
            08/31/20 .

   e.      Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by
            03/16/21 .

   f.      Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by
            02/08/21 .

   **g.      Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**


9.      Expert Discovery [if applicable]

   a.      Anticipated types of experts if any:
            At present, the government does not anticipate relying on expert testimony, but reserves the right to disclose and rely on expert testimony in the future.




   b.      If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than_____.
            *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* Omit if you have not identified types of experts.

   c.      If you have identified types of experts in question 9(a), by_____*[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

3

10.     This case [is_____/ is not_X_____] to be tried to a jury.

11.     Counsel for the parties have conferred and their present best estimate of the length of trial is _5 days_____.

12.     Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

        _____
        _____
        _____
        _____
        _____
        _____
        _____

13.     Status Letters and Conferences

        a.      By _10/01/20____ *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

        b.      By _03/30/21_____ *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

        c.      On _04/14/21_____ at _10:00___A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

                i.      A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

                ii.     If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.


SO ORDERED.


Dated: _____
         New York, New York

                                         _____
                                         LORNA G. SCHOFIELD
                                         United States District Judge

Counsel for the Parties:


_____        _____
                                         Audrey Strauss, Acting U.S. Attorney

_____        By: Steven J. Kochevar, Assistant U.S. Attorney

_____        86 Chambers Street, 3rd Floor, New York, NY 10007

                                         Tel.: (212) 637-2715

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------------------X
    PEN American Center, Inc.,                       :
                                                     :
                                                     :
                               Plaintiff(s),         :        __18__Civ. _____ (LGS)
                                                     :
                     -v-                             :
                                                     :        CIVIL CASE
                                                     :        MANAGEMENT PLAN
                               Defendant(s).         :        AND SCHEDULING
                                                     :        ORDER
--------------------------------------------------------------------X
```

LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.      All parties [consent _____ / do not consent ___X___] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.  *[If all parties consent, the remaining paragraphs need not be completed.]*

2.      The parties [have _____ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.      This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

      a.      An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No _____]

      b.      A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York?  https://nysd.uscourts.gov/rules.
[Yes _____ / No _____]

      c.      A patent case subject to the Local Patent Rules and the Court's Individual Rules?https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
[Yes _____ / No _____]

      d.      A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?  https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No_____]

4.      Alternative Dispute Resolution/Settlement

      a.      Settlement discussions [have _____ / have not _____] taken place.

      b.      Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

              _____
              _____
              _____

      c.      Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case:  (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

              _____
              _____
              _____

      d.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

              _____
              _____
              _____

      e.      **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

*5.*      No additional parties may be joined after _____ without leave of Court.

*6.*      Amended pleadings may be filed without leave of Court until _____.

7.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than _____ days from the date of this Order.  *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.      Fact Discovery

      a.      All fact discovery shall be completed no later than _____.
              *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

     b.       Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by _____.

     c.       Responsive documents shall be produced by _____.
                  Do the parties anticipate e-discovery?   [Yes _____ / No _____]

     d.       Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by _____.

     e.       Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by _____.

     f.       Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by _____.

     **g.       Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9.     Expert Discovery [if applicable]

     a.       Anticipated types of experts if any:
                  _____
                  _____
                  _____

     b.       If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than _____.
                  *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.

     c.       If you have identified types of experts in question 9(a), by _____ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10.     This case [is _____ / is not _____] to be tried to a jury.

11.     Counsel for the parties have conferred and their present best estimate of the length of trial is _____.

12.     Other issues to be addressed at the Initial Pretrial Conference, including those set forth in
        Fed. R. Civ. P. 26(f)(3), are set forth below:

        _____
        _____
        _____
        _____
        _____
        _____
        _____
        _____

13.     Status Letters and Conferences

        a.      By _____ *[60 days after the commencement of fact discovery]*, the parties
                shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

        b.      By _____ *[14 days after the close of fact discovery]*, the parties shall
                submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event
                that they have not already been referred for settlement discussions, shall also
                advise the Court whether or not they request a referral for settlement discussions
                as provided in Paragraph 4(c) above.

        c.      On _____ at _____A.M. *[usually 14 days after the close of all
                discovery]*, a pre-motion conference will be held for any anticipated dispositive
                motions, provided:

                i.      A party wishing to file a summary judgment or other dispositive motion
                        shall file a pre-motion letter at least two weeks before the conference and
                        in the form provided in the Court's Individual Rule III.A.1.  Any party
                        wishing to oppose shall file a responsive letter as provided in the same
                        Individual Rule.  The motion will be discussed at the conference.

                ii.     If no pre-motion letter is timely filed, this conference will be canceled and
                        the matter placed on the Court's trial-ready calendar.  The parties will be
                        notified of the assigned trial-ready date and the filing deadlines for pretrial
                        submissions.  The parties are warned that any settlement discussions will
                        not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated:  _____
        New York, New York

_____
                        LORNA G. SCHOFIELD
                        United States District Judge

Counsel for the Parties:

_____
  Kristy Parker
_

The Protect Democracy Project, Inc.
_2020 Pennsylvania Ave, NW, #163
_Washington, DC 2006
 (202) 849-9307

_____

_____

_____

_____