```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
PEN AMERICAN CENTER, INC.,                                    :
                              Plaintiff,                      :
                                                              :       18 Civ. 9433 (LGS)
              -against-                                       :
                                                              :       OPINION AND ORDER
DONALD J. TRUMP,                                              :
                              Defendant.                      :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by Opinion & Order dated March 24, 2020 (the "Order"), Defendant Donald J. Trump's motion to dismiss was granted in part and denied in part. Defendant moves to certify for interlocutory appeal the Order and to stay discovery pending resolution of Defendant's petition for an interlocutory appeal, and if granted, pending final resolution of the interlocutory appeal. *See* Dkt. No. 100. Discovery has been stayed pending resolution of this motion. *See* Dkt. No. 99. The Court assumes familiarity with the Order and the facts of this case.

WHEREAS, a district court may certify an interlocutory appeal of a non-final order when the court determines "(1) that such order involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (numbering added). Interlocutory appeals are disfavored since "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered . . . [and] although [§ 1292(b)] was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996); *accord Prout v. Vladeck*, 319 F. Supp. 3d 741, 746 (S.D.N.Y. 2018) (certification should be "rare, and reserved for exceptional circumstances"

(quotation marks omitted)).  Movants bear the burden of showing that all three of the substantive criteria are met.  *See Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2d Cir. 2005); *accord Tantaros v. Fox News Network*, *LLC.*, No. 19 Civ. 7131, 2020 WL 3050576, at *1 (S.D.N.Y. June 8, 2020) (quotation marks omitted).  The ultimate decision of whether to certify an interlocutory appeal "is entirely a matter of discretion for the district court."  *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 36 (2d Cir. 2014) (per curiam).

Defendant seeks to certify four questions for interlocutory appeal: (1) whether declaratory relief is available against the President in his official capacity for his discretionary actions; (2) whether generalized allegations of a chilling effect on third parties' expression are sufficient to support associational or organizational standing; (3) whether the Amended Complaint's allegations regarding the President's restriction of White House press access plausibly state a First Amendment violation based on government threats chilling free speech and retaliatory government acts punishing speech; and (4) whether the Amended Complaint's allegations related to Defendant's revocation of security clearances adequately state the same First Amendment violations.  It is hereby

**ORDERED** that Defendant's motion for interlocutory appeal of the Order and stay of discovery pending resolution of Defendant's petition for an interlocutory appeal, and if granted, pending final resolution of the interlocutory appeal, is GRANTED.

As an initial matter, "section 1292(b) authorizes certification of orders for interlocutory appeal, not certification of questions."  *Isra Fruit Ltd. v. Agrexco Agr. Exp. Co.*, 804 F.2d 24, 25 (2d Cir. 1986); *accord Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, No. 13 Civ. 5784, 2015 WL 585641, at *3 (S.D.N.Y. Feb. 10, 2015).  However, "it is helpful if the district judge frames the

controlling question(s) that the judge believes is presented by the order being certified." *Isra Fruit Ltd.*, 804 F.2d at 25.  The Order merits certification because Defendant has met his burden in establishing that it involves one controlling question satisfying the § 1292(b) requirements -- whether declaratory relief can lie against a sitting President in his official capacity for his discretionary conduct.  This Court is of the opinion that the remaining questions do not merit interlocutory appeal.

Whether declaratory relief can lie against a sitting President in his official capacity for his discretionary conduct is a controlling question of law implicating constitutional considerations, resolution of which would materially advance the ultimate termination of the litigation.  Based on the allegations in the Amended Complaint, the Order held that the alleged acts underlying both First Amendment claims regarding Defendant's practice of barring access to the White House press corps and revoking security clearances are discretionary in nature.  The Order then determined that constitutional considerations foreclose injunctive relief concerning these acts, but declaratory relief against the President is possible.  This determination presents issues of law.

The question is also controlling and may materially advance the termination of the litigation.  "[A] question of law is 'controlling' if reversal of the district court's order would terminate the action."  *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) (providing as examples issues of personal and subject matter jurisdiction); *accord Whyte v. Wework Companies, Inc.*, No. 20 Civ. 1800, 2020 WL 4383506, at *3 (S.D.N.Y. July 31, 2020) ("The Second Circuit has repeatedly singled out subject matter jurisdiction as a prototypical 'controlling question of law' that is appropriately taken up for interlocutory review.").  The Court is mindful that "[i]nherent in the requirements of section 1292(b) is that the issue" in the

certified order "be ripe for judicial determination," because the "purpose of section 1292(b) is not to offer advisory opinions rendered on hypotheses which (evaporate) in the light of full factual development." *Benoit v. St.-Gobain Performance Plastics Corp.*, 959 F.3d 491, 508 (2d Cir. 2020) (quoting *Oneida Indian Nation v. Cty of Oneida*, 622 F.2d 624, 628 (2d Cir. 1980)). Here, Defendant raises a question of whether separation-of-powers concerns strip this Court of jurisdiction from entering declaratory judgment that the President has and continues to violate the First Amendment, which can also be considered an issue of whether the Court has the authority to redress Plaintiff's injury. Resolution of this question in Defendant's favor would terminate the litigation.

There is also a substantial ground for difference of opinion as to whether the Court has jurisdiction to issue the declaratory relief that Plaintiff requests. To demonstrate a "substantial ground for difference of opinion," 28 U.S.C. § 1292(b), a party may show that "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Whyte*, 2020 WL 4383506, at *2. The Second Circuit has "urge[d] the district courts to exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992). "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996); *accord Whyte*, 2020 WL 4383506, at *2. "[I]t is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *Flor*, 79 F.3d at 284.

As is evident, the Court disagrees with Defendant's position that there is no

constitutionally permissible declaration available to redress Plaintiff's alleged injuries; however, the relevant consideration is whether "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Whyte*, 2020 WL 4383506, at *2.  Here, the question of whether declaratory relief is available against a sitting President for his official, discretionary acts satisfies the latter test.  This issue is a matter of first impression in the Circuit.  The Order cited *Knight First Amend. Inst. at Columbia U. v. Trump*, 302 F. Supp. 3d 541, 562 (S.D.N.Y. 2018), *aff'd*, 928 F.3d 226 (2d Cir. 2019), as an example of declaratory relief entering against the President in a First Amendment action.  However, as Defendant observes, the Second Circuit's affirmance of the district court's entry of declaratory relief was not precedential, since the question was not ruled upon.  *See Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents."); *accord Villanueva v. U.S.*, 893 F.3d 123, 131 (2d Cir. 2018).  Additionally, *Knight First Amendment* presents a meaningfully different case than the one here.  Here, the Order determined that the acts cannot be characterized as ministerial, and the President is the single defendant in the action.  Recently, the Second Circuit held that the plaintiffs in *Citizens for Responsibility & Ethics in Washington v. Trump* established redressability because "[i]njunctive relief could be fashioned" against the President in his official capacity.  *See* 953 F.3d 178, 199 (2d Cir. 2019), *as amended* (Mar. 20, 2020).  However, the Second Circuit did not address the "disputed antecedent question of the extent to which a court may issue injunctive relief against the President," *Citizens for Resp. & Ethics in Wash. v. Trump*, 971 F.3d 102, 109 (2d Cir. 2020) (Menashi, J., dissenting), and did not address the propriety of declaratory relief.

5

The issue is also a particularly difficult legal question resulting in substantial differences of opinion.  The question raised involves established constitutional principles, which gives some pause as to whether certifying the question is appropriate.  *See Green v. Humana at Home, Inc.*, 16 Civ. 7586, 2019 WL 3729390, at *3 (S.D.N.Y. Aug. 8, 2019) ("Section 1292(b) was "not . . . intended to function merely as a vehicle to provide early review of difficult rulings in hard cases.").  However, the proper inquiry is an evaluation of the strength of the arguments in opposition to the challenged ruling.  *See Flor*, 79 F.3d at 284.  Implicit in the Order is the Court's view that a constitutionally permissible, narrow declaration of illegality could be fashioned where Plaintiff alleges a First Amendment injury.  However, there are significant arguments in favor of Defendant's position that regardless of whether court-ordered relief is injunctive or declaratory in nature, either would be tantamount to ordering him "to exercise the 'executive Power' in a judicially prescribed fashion."  *See Franklin v. Massachusetts*, 505 U.S. 788, 826 (1992) (Scalia, J., concurring).  The strength of this position is evidenced by the opinions cited by Defendant -- which even if not controlling in this Circuit or expressed in dicta -- reflect that distinguishing the propriety of injunctive relief and declaratory relief against a President for his official discretionary acts is a difficult matter.  *See Citizens for Resp. & Ethics in Wash. v. Trump*, 438 F. Supp. 3d 54, 68 (D.D.C. 2020) (holding that the court lacked jurisdiction to issue declaratory and injunctive relief against the President to perform statutory duties that are "not purely ministerial obligations"); *Newdow v. Roberts*, 603 F.3d 1002, 1012 (D.C. Cir. 2010) (expressing in dictum that "a court—whether via injunctive or declaratory relief—*does not* sit in judgment of a President's executive decisions").  Defendant's position is strengthened by the particular circumstances in this case.  Here, the alleged acts directly relate to

6

his executive responsibilities -- his relations with the public and press and management of national security concerns.  Second, the President is currently the sole defendant.

"When a ruling satisfies these criteria and 'involves a new legal question or is of special consequence,' then the district court 'should not hesitate to certify an interlocutory appeal.'" *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)).  Here, the ruling is of clear special consequence because it involves the President and the still open issue in this Circuit of whether declaratory relief and, relatedly, injunctive relief can lie against a President in his official capacity.  *See Citizens for Resp. & Ethics in Wash.*, 971 F.3d at 112 (Menashi, J., dissenting) (opining that the Circuit missed an opportunity to address *en banc* the question of whether and when injunctive relief may be granted directly against the President).  Accordingly, certification for interlocutory appeal of the Order is warranted.

Defendant also requests a stay of discovery pending resolution of Defendant's petition for an interlocutory appeal and, if the petition is granted, pending final resolution of the interlocutory appeal.  "[U]pon a showing of good cause a district court has considerable discretion to stay discovery" pursuant to Federal Rule of Civil Procedure 26(c).  *See Ema Fin., LLC v. Vystar Corp.*, No. 19 Civ. 1545, 2020 WL 4808650, at *2 (S.D.N.Y. Aug. 18, 2020).  Federal Rule of Civil Procedure 26(d) also allows a court to control the sequence and timing of discovery, where resolution of a preliminary matter may decide the entire case.  *See id.*  Defendant has shown good cause, where discovery sought will raise significant constitutional issues and may very well be narrowed or unnecessary.  Discovery is stayed pending resolution of Defendant's petition for an interlocutory appeal and any appellate proceedings.

The March 24, 2020, Opinion & Order is amended to include this Order.  *See* 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that [the criteria for granting certification are met, s]he shall so state in writing in such order.").  Defendant shall file any application to the Second Circuit for leave to proceed with the appeal within ten days from the entry of this Order.  *See id.*

The Clerk of Court is respectfully directed to close Dkt. No. 100.


Dated: October 1, 2020
       New York, New York

                                        **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**